## HARD *et al.* v. ASHLEY *et al.*

*(Supreme Court, General Term, Fifth Department,* April 18, 1892.)

1. WITNESS—TRANSACTIONS WITH DECEDENTS.

Under Code Civil Proc. § 829, excluding as incompetent the testimony of a party to an action concerning declarations and transactions occurring between such party and a deceased person, as against the personal representatives of decedent, the testimony of two of the defendants in an action, in respect to each overhearing declarations made to the other by plaintiff's intestate, was properly excluded, where it appeared that the declarations of decedent not only concerned the joint rights of such defendants, but were made to them when together.

2. EVIDENCE—DECLARATIONS OF DECEDENT.

In an action on contract, in which defendants contended that plaintiffs' intestate induced them to enter into the contract by fraud, testimony of defendants that they relied on representations made by deceased to a certain witness was properly excluded, where such witness, in testifying for defendants as to the representations of deceased, testified that he did not disclose the representations to defendants before the execution of the contract.

3. SAME—HEARSAY.

The declaration of a deceased party to a written instrument, made to a third person prior to the execution of the instrument, and offered to be proved at the trial for the purpose of impeaching and annulling the instrument for the fraud of deceased, but which was not communicated by the third person to the other parties, is but hearsay evidence, and, when standing alone, is incompetent to destroy the validity of the writing.

4. WITNESS—TRANSACTIONS WITH DECEDENTS.

Where a disinterested person has given his version of a transaction between a deceased person and a party to the action, the bar raised by section 829 is not removed so as to permit the party interested in the action to give his version of the same transaction.

5. SAME—ATTORNEY AND CLIENT.

Code Civil Proc. § 835, making communications between attorney and client privileged, does not apply in an action between two persons who went to an attorney together, and were equally interested in the subjects discussed in the presence of the attorney, and in the advice which was given. *Hurlburt* v. *Hurlburt*, 28 N E. Rep. 651, 128 N. Y. 420, followed.

Appeal from special term, Monroe county.

Action by Jeannie T. Hard and another, as administrators of William M. Ashley, deceased, against Leurendus B. Ashley and Susan M. Ashley, impleaded with the executor of Isaac Ashley, deceased. From a judgment for plaintiffs entered on the report of a referee, and from an order allowing additional costs to plaintiffs, L. B. Ashley and S. M. Ashley appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*P. M. French,* for appellants.   *W. A. Sutherland,* for respondents.

MACOMBER, J.   This action was brought to obtain an accounting by the executor of the last will of Isaac Ashley, deceased, and for the payment of such moneys to the plaintiffs, as administrators, etc., as were bequeathed to their intestate, William M. Ashley, by the will of Isaac Ashley, and such other sums, coming from such estate, by virtue of a written agreement bearing date the 26th day of May, 1884, made between the plaintiffs' intestate, William M. Ashley, and the appellants, which was executed in settlement of a contest before the surrogate of Monroe county over the probate of the will of Isaac Ashley. William M. Ashley, deceased, Leurendus B. Ashley, and Susan M. Ashley, the appellants, were legatees and devisees under the will of Isaac Ashley; but the share of the decedent's estate going to William M. Ashley, under the will, was small compared with that going to the appellants. Objections were made to the probate of the will in behalf of William M. Ashley and others, and a controversy in respect thereto had been carried on for some time in the surrogate's court, when, at the date named, these parties entered into an agreement, by which William M. Ashley was to be paid by the executor of Isaac Ashley's will the sum of $20,000 out of the first moneys received from the estate, and by which there was to be divided between William M. Ashley the one-half part, and Leurendus B. Ashley and Susan M. Ashley the other half part, of all other money or property which should be realized by them, or either of them, from the estate of Isaac Ashley, after paying all costs and expenses of acquiring such money or property. As the result of the above agreement, further contest over the probate of the will of Isaac Ashley was withdrawn by William M. Ashley, and the will was admitted to probate. Soon thereafter William M. Ashley died intestate; and thereupon the appellants, Leurendus B. Ashley and Susan M. Ashley, repudiating this written agreement, claimed that the executor of the estate of Isaac Ashley should distribute the property in his hands according to the terms of the will, and not in accordance with the agreement which they had entered into. Hence the bringing of this action for an accounting and for distribution of the estate, as above stated; and it is defended by the appellants upon the ground that the contract in question was procured from them by the fraud, false and fraudulent representations, of William M. Ashley. On the former trial of this action, (6 N. Y. Supp. 69,) for the purpose of proving such false representations, Leurendus B. Ashley and Susan M. Ashley were each called as a witness by the other, and each testified to overhearing a conversation between the decedent and the other, and each was asked to give the conversation. That evidence was then objected to, but was received by consent of the parties, subject to a motion to strike it out. The contemplated motion, however, to strike out the evidence was not made. Leurendus B. Ashley and Susan M. Ashley were respectively asked if they believed and relied upon such representations, the evidence of which had already been given by them, and which stood in the case. This was objected to and excluded, and an exception was taken. The court of appeals decided such ruling to be error, and granted a new trial, holding that, inasmuch as the testimony calling out facts given by these witnesses had been allowed to stand in the case, the additional testimony as to their reliance upon such representations should have been allowed to be proved, and to have its usual and natural weight in

the case, and that it was not within the prohibition of section 829 of the Code of Civil Procedure. *Hard* v. *Ashley*, 117 N. Y. 606, 23 N. E. Rep. 177.

The question now presented, however, in respect to the matters embraced in this appeal, is quite different from that formerly under review in the court of appeals. Upon this trial the evidence of these witnesses in respect to each overhearing declarations made to the other by William M. Ashley, deceased, was objected to and excluded. That this evidence was properly excluded can admit of no doubt. The contract between the parties was joint, and not several. The representations were set forth in the answer as made to the appellants by William M. Ashley. No allegation is contained in the answer that the representations, whatever they were, were made separately to the appellants. On the contrary, the allegation is that the representations were made to them, and the evidence, in substance, shows, so far as it was permitted to go, that any declarations uttered by the deceased, William M. Ashley, not only concerned the joint rights of these two appellants under the will of Isaac Ashley, but were mainly made to them when together, and whatever was offered to be proved affected the pecuniary interest of each one of them. In these circumstances, the evidence was clearly incompetent, under section 829 of the Code of Civil Procedure, which excludes, among other things, the testimony of a party to an action concerning declarations and transactions occurring between such party and the deceased, as against the personal representatives of the latter. *In re Dunham*, 121 N. Y. 575, 24 N. E. Rep. 932; *Erwin* v. *Erwin*, (Sup.) 7 N. Y. Supp. 365; *In re Bartholic*, (Sup.) 12 N. Y. Supp. 640.

If the above conclusion is correct, there follows, as a necessary corollary thereto, the further conclusion that the other testimony offered to be given by these witnesses, namely, that they relied upon the representations which a witness by the name of Turner testified had been made to him by William M. Ashley, was also correctly excluded. Turner was permitted to testify, in substance, that William M. Ashley said to him, some time prior to the actual execution of the contract, that, if Leurendus and his wife should ask him (the witness) if certain persons had agreed to release their shares in the residuary estate of Isaac Ashley, Turner should tell them that they had; and that thereupon William M. Ashley added, "I have already told them so." There was no other proof of the representation made by William M. Ashley. Nor was there any evidence that the witness Turner communicated to the appellants what William M. Ashley had said to him. On the contrary, Turner testified that he did not disclose such statement to them. Consequently the question put to the appellants, whether they believed and relied upon the statement made by William M. to Turner, was properly rejected, because an affirmative answer thereto would necessarily involve, if truthfully made, the further fact that such representation had actually been made by William M. Ashley to them. This, as it appears to us, was a sufficient reason for the rejection of such testimony.

But there is a more radical objection to the testimony of Turner; and that is that the whole of it, relating to this matter of the representations made by William M. Ashley, is, at best, but hearsay evidence, and for that reason not sufficient, standing alone, to destroy this written and sealed instrument. In order to avoid the terms of the written contract in question, it was necessary for the appellants to show affirmatively that their signatures were obtained to it through the fraud and misrepresentations of William M. Ashley. The testimony to the effect that William M. Ashley admitted that he had made such representations to the defendants is not evidence of that fact in an action brought upon that instrument by his personal representatives. The evidence of an admission by a deceased that he had committed a fraud would be competent to be given in corroboration of other and direct evidence of such fraud. But proof that the fraud was actually perpetrated must, in some

manner, be shown. A mere declaration of a deceased person given in evidence, that he had perpetrated a fraud, unsupported by direct evidence, is not competent to establish the fact of fraud, so as to avoid, for fraud in its inception, a written obligation sued upon by his personal representatives. The declaration of a deceased party to a written instrument, made to a third person prior to the execution of the instrument, and offered to be proved at the trial for the purpose of impeaching and annulling that instrument for the fraud of the deceased, but which was not communicated by the witness to the other parties, is but hearsay evidence, and that, too, of an extremely dangerous character, and when standing alone, and not merely in and of direct evidence, is incompetent to destroy the validity of the writing.

Another ground of error urged upon our attention relates to the final rejection by the learned referee of the testimony of the appellant Leurendus B. Ashley, who was called to give his version of a conversation which occurred between himself and William M. Ashley at the office and house of Alfred Ely, an attorney at law. Mr. Ely was permitted to give his testimony under objection and exception by appellants' counsel. It is claimed that this conversation was a privileged communication, within section 835 of the Code of Civil Procedure, which prohibits the disclosure by an attorney of any communication made by his client to him, or his advice given thereon, in the course of his professional employment. Irrespective of the question of the admissibility of Mr. Ely's testimony, it seems to be now established by many decisions that, where a disinterested person has given his version of a transaction between a deceased person and a party to the action, the bar raised by the statute (section 829, Code Civil Proc.) is not removed so as to permit the party interested in the action to give his version of the same transaction. *Ward* v. *Plato*, 23 Hun, 402; *Pinney* v. *Orth*, 88 N. Y. 447; *McKenna* v. *Bolger*, (Sup.) 1 N. Y. Supp. 651; *Rittenhouse* v. *Creveling*, (Sup.) 14 N. Y. Supp. 85.

It is also urged by the counsel for the appellants that the judgment should be reversed for the error in receiving Mr. Ely's testimony, upon the ground that it was privileged, under section 835 of the Code, as above mentioned. But the case shows that Mr. Ely was not the attorney for Leurendus B. Ashley. William M. Ashley and Leurendus B. Ashley went to Mr. Ely after the execution of the written agreement, and talked together with him in reference to certain matters pertaining to the estate. So far as appears, they were equally interested in the subjects discussed in the presence of the attorney and in the advice which was given. In these circumstances, the testimony given by Mr. Ely was not privileged, within the authority of *Hurlburt* v. *Hurlburt*, 128 N. Y. 420, 28 N. E. Rep. 651. It has generally been held, as is shown by the opinion in the last-entitled case, that the privilege secured by this statute, and by the former common-law rule of evidence, does not apply to a case where two or more persons consult an attorney for their mutual benefit, and it cannot be invoked in any litigation which may thereafter arise between such persons. See the cases cited in the opinion of EARL, J. In respect to the observance by William M. Ashley of the terms of the agreement by which he was to abandon further contest of the probate of the will, we fully agree with the decision of the learned referee, who finds not only that there was a serious and protracted contest over such probate, but that William M. Ashley, after the agreement, abandoned such contest, and the will was afterwards admitted to probate. If the rulings of the referee in respect to the testimony above considered were correct, there was really no evidence of any false representations made by William M. Ashley, and consequently, there was a failure on the part of the defendants to establish the defense set up in their answer. The order of the special term granting the plaintiffs' motion for an additional allowance of costs, under section 3253 of the Code of Civil Procedure, seems to have been well supported by the af-

fidavits used upon the motion, and should be affirmed. The subject-matter involved was the enhanced share of William M. Ashley in Isaac Ashley's estate, which was obtained through the agreement between him and these appellants. While it is true that the appellants are not required personally to pay over this additional amount of property to the plaintiffs, yet the judgment requiring the executor of Isaac Ashley so to pay the money to the plaintiffs, rather than to these appellants, establishes the amount in controversy. This litigation has been caused solely by the unsuccessful defense set up by the appellants, and it seems to be right that, under the circumstances, they should be required to pay the costs, rather than that they should be charged upon the estate represented by the executor of Isaac Ashley.

Judgment and order appealed from affirmed, with costs. All concur.