CHARLES M. LAWLESS, Appellant, *v.* JOSEPH A. SCHOENAKER, Respondent.

Supreme Court, Appellate Term, Second Department, May 11, 1933.

*Frederic C. Rita*, for the appellant.

*Thomas A. Kane*, for the respondent.

CROPSEY, J. This action was brought to recover upon an alleged agreement by which the defendant was to pay the plaintiff one-half of the commissions which the former received for acting as executor of an estate in consideration of plaintiff's aiding the defendant in the performance of his duties. There was a sharp conflict in the proof. The plaintiff asserted that such an agreement was made. The defendant denied it. The jury found for the defendant.

The chief question for consideration upon this appeal relates to the exclusion of evidence sought to be introduced by the plaintiff. The plaintiff called as a witness a lawyer who had represented the defendant in the administration of the estate. The proof showed that the plaintiff visited that lawyer's office on a number of occasions in the company of the defendant. The plaintiff sought to prove by this witness what the defendant had said at one of the interviews, when the plaintiff was present, regarding the agreement between the plaintiff and the defendant. The witness was permitted to testify that on such an occasion he had had a conversation with the defendant with reference to an agreement between him and the plaintiff but he was not allowed to state what the defendant then said in that regard, nor was the witness permitted to answer leading questions which sought to show that the defendant had then stated that he had engaged the plaintiff to assist him in administering the estate.

Section 353 of the Civil Practice Act provides that an attorney at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment. Even before the enactment of this provision and its forerunners an attorney, under the common law, was not permitted to give such testimony. This was prohibited on the ground that such a communication by a client was deemed to be made in confidence and so was privileged, and that the attorney could not be permitted, or even compelled, to breach the confidence, although called as a witness. Where, however, a third person is present at the conference between the attorney and his client the reason for the rule does not exist and so it does not apply unless the third party stood in a peculiar relation of confidence to the client.

If this defendant had stated to a friend, even though in confidence, the same things which plaintiff sought to prove he had stated to his lawyer, the friend would be permitted to testify as

to what was said; and so if the defendant made the same statement to his lawyer in the presence of that friend, not only might the friend testify but the lawyer as well, because such statements are deemed not to be made in confidence. (*People* v. *Buchanan,* 145 N. Y. 1, 25, 26.) Where the third person present was the companion and housekeeper of the client and with the latter visited the latter's. attorney, the attorney may testify to conversations that then took place, although the third party had previously testified that, while the conversation was within her hearing, she did "not pay very much attention." (*Baumann* v. *Steingester,* 213 N. Y. 328, 331 *et seq.*) In the op nion in the last cited case it is noted that the third party was not present and acting in the character of a confidential agent of the client, and that the presence of that party was not necessary to enable the client to communicate with the attorney.

While, according to the plaintiff's testimony, he was to receive one-half of the commissions and was to aid the defendant in performing his duties, it cannot be said that he was a confidential agent of the defendant. He was rather, according to his claim, a person who was jointly interested with the defendant in the settlement of the estate. And where two persons are present at a conference with an attorney, both being interested in the advice they sought, the section of the Practice Act in question does not apply. In such a case, in an action between those two persons, the attorney may testify as to what was said by either of them, though in an action by a stranger against them the rule would be different. (*Hurlburt* v. *Hurlburt,* 128 N. Y. 420, 424; Wigm. Ev. § 2312; *Doheny* v. *Lacy,* 168 N. Y. 213, 223, 224.) This is on the theory that nothing either said to the attorney could be deemed to be confidential so far as the other was concerned. The testimony of the attorney is equally admissible although only one of the two persons who visited him was his client. (*Hard* v. *Ashley,* 18 N. Y. Supp. 413, 416.)

Where a husband and wife consulted an attorney with reference to the drawing of mutual wills which contained reciprocal provisions, it was held that the attorney, in a controversy arising between the beneficiaries under those wills was competent to testify to what the husband and wife had said. (*Wallace* v. *Wallace,* 216 N. Y. 28, 34, 36.) There it did not appear that the husband and wife were both present when the instructions were given to the attorney regarding the wills, but the court said that was immaterial and that it was not essential that the statements of the husband and wife to the attorney should have been made actually in the presence of each other because if both were not present when

the communications were made, it was evident that they were intended for the information of each other and that neither intended that what was said to the attorney with regard to the wills was to be kept a secret from the other.

It is evident, therefore, that it was error to exclude the testimony of the lawyer.

Another question of evidence remains to be considered. The same witness testified that after the relationship of attorney and client between him and the defendant had terminated he had a conversation with the latter relating to the question of his employment of the plaintiff. He was not permitted, however, to tell what that conversation was. It does not appear that any third person was present at that time, but the evidence shows that the witness was no longer acting as attorney for the defendant, and that, therefore, in the language of the section of the Civil Practice Act, the communication by the defendant was not made to the attorney " in the course of his professional employment." That being so, there was nothing confidential about the talk and the proof should have been admitted.

The judgment, therefore, should be reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

LEWIS and JOHNSTON, JJ.. concur.