Benjamin Brenner, J.
This is a custody proceeding in which the respondent wife seeks to alter the visitation rights of the petitioner husband which had been granted to him by prior order of this court; respondent claiming that such visitation should either be denied or limited if it be determined from an examination of the record of the Veterans’ Administration Hospital that the petitioner is presently mentally ill.
The husband has steadfastly refused to submit to psychological examination of his present mental condition and he has also asserted the patient-physician privilege forbidding disclosure of confidential communication of the hospital record under section 4504 of the Civil Practice Law and Rules (former Civ. Prac. Act, § 352). It is the husband’s contention that the court may not, over his objection, read the record of his prior hospitalization for mental illness. Indeed, he has vigorously protested the entire procedure, claiming that it is the respondent’s burden of proof to establish his present incompetency in order to modify or deny his continued right to visitation.
*967 The precise question as to whether the court may disregard the patient-physician privilege in a custody proceeding does not appear to have been ruled upon by the courts of this State. There is, of course, ample authority indicative of the court’s right to discover the mental condition of a party in a matrimonial matter. (Cook v. Cook, 8 A D 2d 964.) Significantly, in a custody proceeding, it was intimated that even the full faith and credit clause of the United States Constitution does not prevent the court from exercising its duty for the protection of minor children. Thus, in enunciating the concept of parens patriae, the court, in Matter of Bachman v. Mejias (1 N Y 2d 575), held at page 581, that this concept “ transcends the rule of comity” and that this rule must “yield when it conflicts with the dominant domestic duty of the court to guard the welfare of its wards. The individual rights of infants to invoke the protection of the State in which they reside cannot be ignored.”
Testimony by psychiatrists has repeatedly been received in custody proceedings (Matter of Reinhart v. Reinhart, 33 Misc 2d 80; Matter of Anonymous v. Anonymous, 34 Misc 2d 444; Matter of Richman v. Richman, 32 Misc 2d 1090). In the latter case a court-appointed psychiatrist testified. It is thus clear to me that, in the exercise of the court’s inherent power to do what is best to protect the welfare of the infant, the right of the petitioner to invoke the patient-physician privilege must yield to the paramount rights of the infant. It is in this light that I have examined the record of the Veterans’ Administration Hospital concerning plaintiff’s hospitalization, and, without making that report part of the record in the proceeding, have used it to determine possible modification of petitioner’s visitation rights. In doing so, I have relied upon People ex rel. Fields v. Kaufmann (9 A D 2d 375).
My perusal of the record in question, particularly the final diagnosis of April 5, 1962, convinces me of the absolute need for the present examination of the mental capacity of the petitioner. It is to be noted that upon the final hearing, the petitioner reiterated his refusal to submit to a psychiatric examination on the ground that such examination is not authorized and must necessarily be lengthy and expensive. He has, moreover, refused to allow an examination to be conducted by the Veterans’ Hospital, which would not be costly. While I agree with counsel for the petitioner that the burden is upon the respondent wife to establish his present incapacity, I cannot regard the proceeding as purely an adversary one. And, as the dominant consideration is that of the welfare of the child, *968 I must deny further visitation unless it be found that the petitioner is now mentally competent to continue same.
In these circumstances, the order made on the 6th day of June, 1963, for visitation of the infant Thomas Desmond Chitty by this petitioner, is modified to the extent that such visitation will hereafter be denied unless petitioner consents to a psychiatric examination by the Veterans’ Administration, such consent to be forwarded in writing not later than 10 days from the date of service upon him of a copy of the order herein with proof of service thereof.