Leo Dikmau, J.
Is an admission of paternity made to a social worker by the reputed father, in the presence of the mother, a privileged communication under CPLR 4508? In this paternity proceeding, petitioner attempted to introduce the testimony of a registered social worker of the Jewish Family Service, who interviewed both petitioner and respondent during the pregnancy of the petitioner. Respondent maintains that any statements made by him while both he -and petitioner were meeting with the social worker are privileged by CPLR 4508.
As set forth in Matter of Clear (58 Misc 2d 699, 702), four fundamental conditions are necessary to the establishment of a privilege against disclosure between persons standing in given *193 relationships, which are stated in Wigmore, Evidence (vol. 8 [3d ed.], p. 531, § 2285). These conditions are:
“ 1. Communications must originate in the confidence that they will not he disclosed;
“ 2. The element of confidentiality must be essential to the maintenance of the relationship between the parties;
“ 3. The relation is one which in the opinion of the community ought to be fostered;
“ 4. The injury that would inure to the relationship as a result of disclosure must be greater than the benefit gained in regard to the correct disposal of litigation.”
The burden of establishing the conditions is on the party alleging the privilege.
The claim of privilege alleged by respondent fails to meet the fourth condition above. The disclosure of evidence relevant to a correct determination of paternity is of far greater importance than any injury that might inure to the relationship between the social worker and his clients.
The correct determination of paternity is of far greater importance to child, mother, and community than any injury that might inure to the relationship between the social worker and his clients. (See People ex rel. Chitty v. Fitzgerald, 40 Misc 2d 966.) The Legislature, in enacting article 5 of the Family Court Act, has expressed the policy of this State that the illegitimate child be protected and cared for. . The Legislature has authorized filiation proceedings with the twofold purpose of determining paternity and securing support for the child. (Hough v. Light, 275 App. Div. 299.) Each parent of a child born out of wedlock is liable for the necessary support and education of the child. (Family Ct. Act, § 513.) A determination of paternity may also entail important property rights for the child. For example, EPTL 4-1.2 (subd. [a], par. [2]) provides that “ an illegitimate child is. the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity ”. The mother has an interest in the correct determination of paternity, not only to the extent of securing help in the support of the child, but also in connection with the reasonable expenses of pregnancy. (Family Ct. Act, § 514.) The community has an interest in the correct determination of paternity in that the child not become a public charge. (Family Ct. Act, § 515.) Balancing these interests against the interest protected by CPLR 4508 and any injury that might inure to the social worker-client relationship *194 as a result of disclosure, it may "be concluded that the statements made by respondent to the social worker are not privileged.
Matter of Russo v. Hardy (68 Misc 2d 1057 [Family Ct., Monroe County, 1972]) supports this court’s conclusion. There, the Department of Social Services had instituted a filiation proceeding against “ X ”, who served a subpoena duces tecum upon the department for records containing statements by the mother about the parentage of her child. The department moved that the subpoenas be quashed on the grounds that the records contained information whose disclosure was barred by statute (Social Services Law, §§ 132, 136; CPLR 4508). The court found that the objectives of section 132 of the Social Services Law and CPLR 4508 “ should be and are subordinate to the interests of the infant.”
In Addle W. v. Charles U. (44 A D 2d 727, 728), the Appellate Division, Second Department, recently ruled on a question similar to that before the court. Appellant sought the production of all records of the Social Services Department pertaining to the parentage of the mother’s children. The court held that although disclosure of welfare records is restricted by statute (U. S. Code, tit. 42, § 602, subd. [a], par. [9]); Social Services Law, § 136, subd. 2; 18 NYCRR 357.3 [a]), where paternity is at issue and the putative father asserts that the records sought may contain information essential to his defense, it would be improper to shield these records in a shroud of confidentiality. Since the petitioning mother herein has much the same difficulty of proof in proving paternity as did the alleged father in Addle, the court finds that it would be improper to shield the social worker’s testimony behind CPLR 4508.
This court has another reason for holding that any statements made by respondent to a registered social worker of the Jewish Family Service while both petitioner and respondent were meeting with the social worker are admissible into evidence and are not protected by CPLR 4508. The statute is relatively new and there has been relatively little case law on it. However, it has long been held that “ If two or more persons consult an attorney in regard to a matter of common interest to them, nothing that is said by the parties or the attorney is deemed confidential, in an action arising subsequently thereto between the parties or their personal representatives.” (Hurlburt v. Hurlburt, 128 N. Y. 420; Wallace v. Wallace, 216 N. Y. 28.) This is on the theory that nothing either said to the attorney could be deemed confidential so far as the other was involved. (Lawless v. Schoenaker, 147 Misc. 626.)
*195 By analogy and on the same theory, where two or more persons consult a social worker in regard to a matter of common interest to them, nothing that is said by the parties or the social worker is deemed confidential in an action arising subsequently thereto between the parties.
If this were a criminal proceeding other rules and law, pertaining to admissions against interest, might apply. But this is a civil proceeding. (See Matter of Harris v. Doley, 22 A D 2d 769.) A filiation proceeding is a civil action designed to protect the welfare of the child and, accordingly, statutes covering such proceedings should he liberally construed (Matter of Anonymous v. Anonymous, 56 Misc 2d 711; see, also, Matter of Green v. Smith, 65 Misc 2d 588; Matter of Linnie D. B. v. Lonnie J. H., 65 Misc 2d 754).
The motion to exclude the testimony of the social worker is denied.