Arnold L. Fein, J.
This is an application pursuant to CPLR 2304 for an order quashing a subpoena served by respondent the Welfare Inspector General of the State of New York (Inspector General) upon petitioner Community Service Society (CSS) upon the ground that pursuant to CPLR 4508, the communications sought, made to a certified social worker, are privileged from disclosure. By stipulation among the parties the scope of the subpoena has been limited to require CSS to produce information furnished to CSS by Gladys Baez (Baez) concerning (1) her marriage to Elroy Rodriguez, and (2) her employment at the time she applied for assistance for CSS.
The application of Baez to intervene in the proceeding as a party petitioner is granted upon the stipulation of the parties and the caption is accordingly amended to reflect such intervention.
Petitioner Baez cross-moves to quash the subpoena pursuant to CPLR 2304, also relying upon the privileged nature of the communication under CPLR 4508. She also moves for an order enjoining respondent from using the statement "I give my consent to the Department of Social Services to make such collateral contacts and visits as may be necessary to determine my eligibility for assistance”, which appears on public assistance forms, to persuade individuals and/or institutions to release confidential information and communications protected by CPLR 4508, and for that purpose, seeks certification of the proceeding as a class action pursuant to CPLR article 9.
Respondent Inspector General is empowered by subdivision 1 of section 48 of the Executive Law to investigate complaints "concerning alleged abuses, suspected frauds and other violations of the welfare system”. The Inspector General states that information was received as to a possible fraud or abuse *385 of the welfare system by petitioner Baez, thus requiring that an investigation be conducted. The subpoena challenged on this application was issued in conjunction with the investigation presently pending before the Welfare Inspector General.
The Inspector General seeks production of the application form prepared by petitioner Baez upon applying for assistance from CSS. The Inspector General claims that the application form is not, in and of itself, a confidential communication protected by CPLR 4508, since the application is a prerequisite to the rendition of services. On this record, however, the contention lacks merit. Petitioners assert, and there is no evidence to the contrary, that the form which respondent refers to as the application was completed after Baez had agreed to become a client of and to receive counseling and therapy from Project C.A.U.S.E. Project C.A.U.S.E. is a demonstration project, maintained by CSS, a highly reputed and well recognized community service and social work agency, in order to provide access to general social services to clients in need of such services. Petitioners assert that the application itself was a confidential communication protected by the statute. Determination of this apparent factual issue is unnecessary in view of the stipulation of the parties which limited the nature and scope of the subpoena to information, including those portions of the so-called application form, relating to the marital status of Gladys Baez and Elroy Rodriguez and information furnished by Gladys Baez as to her employment at the time she applied for assistance from CSS. Moreover, it is undisputed that the information was given to and under the supervision of a certified social worker, employed by CSS.
The Inspector General asserts that petitioner Baez authorized disclosure of the information sought and waived any statutory privilege when she signed her application to the Department of Social Services for public assistance. That form provides: "I give my consent to the Department of Social Services to make such collateral contacts and visits as may be necessary to determine my eligibility for assistance.”
The Inspector General relies upon the waiver exception in CPLR 4508 (subd 1) as a basis for his claim that by virtue of this consent, petitioner Baez authorized release of the information furnished by her to CSS and waived the statutory privilege. Petitioners allege that the language is insufficient to constitute a waiver. Moreover, as they note, the clause merely authorizes the Department of Social Services to make collat *386 eral contact and visits for the purpose of determining eligibility. It does not purport to provide authority for respondent, whose office is part of the Department of Audit and Control (Executive Law, § 46, subd 1).
The Inspector General’s assertion that the clause amounts to a waiver of the privilege is without merit. The statutory privilege conferred on communications between a social worker and client must be afforded the same standing as that given traditional similar privileges provided by statute, such as the privilege respecting communications between attorney and client, physician and patient and clergyman and penitent. To constitute a waiver there must be a clear relinquishment of a known right. The language in the alleged waiver relied upon by the Inspector General does not clearly demonstrate that the client knew or should have known she was waiving her right to assert her statutory privilege against disclosure of communications to lawyers, doctors, clergymen or social workers.
There is no substance to respondent’s assertion that the privilege may not be invoked because a serious investigation of possible welfare fraud is involved. Respondent’s statutory purpose, however meritorious or salutory, provides no basis for overriding the statutory privilege. Although there are authorities to the contrary, it must be held that the communication is privileged and may not be disclosed unless one of the exceptions set forth in the statute applies. The cases holding the privilege not applicable are matrimonial, custody and paternity actions. The courts were concerned with the rights of children, held to be of greater importance than any injury that might inure to the relationship between a social worker and his clients from a compulsory disclosure of a privileged communication. (Matter of Humphrey v Norden, 79 Misc 2d 192, 195, a paternity proceeding noting that a contrary result might be warranted in a criminal action; Matter of Clear, 58 Misc 2d 699, revd on other grounds sub nom. Matter of Klug, 32 AD2d 915, on remand 65 Misc 2d 323, a custody proceeding; People ex rel. Chitty v Fitzgerald, 40 Misc 2d 966, a custody proceeding.) These cases overriding the privilege have been criticized and were not followed in a more recent custody case. (Yaron v Yaron, 83 Misc 2d 276.) Whatever the merits of these holdings, they cannot be relied on here, where the obvious purpose of the inquiry is to provide a basis for penal or other sanctions.
*387 In this connection, the Inspector General contends that CPLR 4508 (subd 2) requires disclosure of the information sought. That subdivision provides: "2. that a certified social worker shall not be required to treat as confidential a communication by a client which reveals the contemplation of a crime or harmful act”.
The Inspector General asserts that information disclosed to CSS by Baez as to her marital status and employment history would be relevant in connection with the Inspector General’s investigation into whether Baez had received welfare funds under false pretenses at the time she applied for social welfare benefits and at the time she recertified her need for such benefits and whether there had been a violation of section 145 of the Social Services Law and possibly article 155 of the Penal Code. The Inspector General is proceeding on the basis of a letter received from the Department of Health stating that Baez had changed the last name of her child to that of a man, Elroy Rodriguez, residing at the same address as Baez and had listed Mr. Rodriguez as the child’s father on the birth certificate. The information sought, if disclosed, might well have a bearing upon possible violations of the cited statutes and might support a charge that public assistance had been obtained by Baez by "false statement or representation, or by deliberate concealment of any material fact, or by * * * fraudulent device”.
Petitioners, in opposition, claim that the statutory exemption is not mandatory in its application, but rather, vests in the social worker the discretion to determine whether the communication should be disclosed, albeit the communication by the client reveals the contemplation of a crime or harmful act. Such a construction of the statute is unwarranted and is rejected. So to construe the statute would create a privilege for such a communication between social worker and client denied to similar communications between attorney and client. Despite commentary to the contrary (5 Weinstein-Korn-Miller, NY Civ Prac, par 4508.01) it must be held that the meaning of the statute is that communications by a client which reveal the contemplation of a crime or harmful act are not privileged and are subject to compulsory disclosure. The only authority found on the point does not limit the exception to prospective acts, i.e., to communications of intent to commit crimes in the future. In People v Brooks (50 AD2d 319, 320), the Second Department held that an admission by a deaf-mute *388 to a certified social worker by use of sign language as to the commission of the crimes charged in the indictment was not a privileged communication within the contemplation of CPLR 4508 and was admissible. (See People v Brown, 40 NY2d 381, 383, disagreeing with Brooks, supra, on other grounds.)
Here, however, the information sought is not as to "a crime or harmful act”. It is not yet a crime or a harmful act to be married or to contemplate marriage or to be employed or contemplate employment. Information as to marital status and employment is simply not a communication "which reveals the contemplation of a crime or harmful act.” Nor is it necessarily a violation of law to apply for welfare or public assistance when one is married or employed. The fraud consists in the failure to disclose the facts when seeking public assistance. The information sought under the subpoena is to prove the fact of marriage and employment not any alleged intention of Baez or petitioner to withhold or falsify such information in applying for welfare. The information sought is privileged and not within the exceptions authorizing compulsory disclosure.
Nor is there merit to the suggestion that the privilege may only be asserted by an individual certified social worker and not by the agency. The privilege belongs to the client, who here asserts it. Moreover, although the statute relates to a "person duly certified as a social worker”, the conclusion must be drawn that social work agencies employing such workers are also intended. A strict construction is not appropriate.
Accordingly, upon the foregoing, the motion by petitioner Community Service Society, and the cross motion by the intervening petitioner Gladys Baez, for an order pursuant to CPLR 2304 quashing the subpoena served by respondent insofar as limited by the stipulation of the parties, is granted.
That branch of the cross motion for an injunction enjoining respondent from using the statement, "I give my consent to the Department of Social Services to make such collateral contacts and visits as may be necessary to determine my eligibility for assistance”, as appears in the application form, as a means of persuading individuals and/or institutions to release confidential information, is denied. It is sufficient that the court has held on this application that such clause does not constitute a waiver of the privilege by petitioner Baez. Nor by executing the application containing such language did *389 she authorize release of the information to respondent under the exception in CPLR 4508 (subd 1).
So much of the cross motion as requests the court to certify the proceeding as a class action pursuant to CPLR article 9 is likewise denied. In light of this decision, class action status is inappropriate. The proceeding does not lend itself to class action status. The claim of waiver and the applicability of CPLR 4508 (subd 1) may well require that determinations be made on a case-by-case basis. To the extent that there are similar cases, the law is clear, as petitioners acknowledge, that where governmental practices have been challenged, class action certification is inappropriate since a presumption exists that a determination will be adhered to as binding upon the State in similar cases (Matter of Rivera v Trimarco, 36 NY2d 747; Matter of Jones v Berman, 37 NY2d 42; Galvan v Levine, 490 F2d 1255, cert den 417 US 936). There is no reason to expect contrary action here.
Accordingly, the motion and cross motion are granted only to the extent of quashing the subpoena served upon petitioner CSS by the Inspector General, and are otherwise denied. Petitioner CSS need not comply with the subpoena as modified by stipulation.