Joseph E. Dyer, J.
The petitioner has moved this court for an order vacating the respondent’s notice to examine the petitioner before trial.
The proceeding is one which seeks to establish the paternity of a male child born to petitioner, out of wedlock, on March 12, 1963 at Flower Fifth Avenue Hospital, New York City. This proceeding was commenced by the filing of a verified petition on January 28, 1963, and issue was joined on February 8, 1963, when the respondent appeared in person and by counsel, denied the allegations of the petition and moved for. a blood-grouping *149 test. On March 1, 1963, the respondent served a demand for a bill of particulars which contained 20 items and a verified bill was served in response thereto on March 6, 1963.
On March 4, 1963, the respondent served a notice to examine the petitioner on March 19,1963, at 405 Lexington Avenue, New York City, at the office of one Sanford Dean Kaufman, a notary public, with respect to the relevant and material allegations of fact put in issue by the pleadings. The notice is the printed form commonly used in civil actions. On March 12, 1963, the instant motion was brought on by petitioner by an order to show cause which stayed the. examination pending the hearing and determination of the motion. Petitioner’s motion requested that an order be made as follows: (1) vacating respondent’s motion for a further bill of particulars, (2) denying the relief requested by the respondent in said motion, and (3) vacating the respondent’s notice to examine the petitioner before trial. This motion duly came on to be argued on March 29, 1963, together with a motion by the respondent for an order directing the petitioner to serve and file a further bill of particulars. The court disposed of items 1 and 2 of the petitioner’s notice as follows: item 1 — dismissed, as the court finds no authority to vacate a motion duly made; and item 2 — permitted to be withdrawn as the relief requested therein was disposed of in connection with the respondent’s motion for a further bill.
The remaining item 3, which seeks an order vacating the respondent’s notice of examination of the petitioner is now before the court for disposition.
The court has been unable to find any decisional law pertaining to examinations before trial under the Family Court Act which became effective on September 1, 1962. Prior to September 1, 1962, filiation proceedings within the City of New York were tried in the Court of Special Sessions pursuant to article V of the then New York City Criminal Courts Act, and by the Children’s Court in counties outside the City of New York. Both courts were courts not of record and the practice and procedure in such courts was not governed by the Civil Practice Act. An application for a pretrial examination in a paternity proceeding in the Children’s Court, Sullivan County, was denied because the Children’s Court was a court not of record, and a like application was denied in a support proceeding in the Domestic Relations Court of the City of New York for the same reason (Matter of Wurtzel, 18 Misc 2d 994; “Denton” v. “Denton”, 179 Misc. 681).
It is the contention of the petitioner that the respondent’s notice of examination before trial is not authorized under the *150 Family Court Act, and is null and void and should be set aside, for the following reasons:
The respondent is not examinable by reason of the privilege granted under section 531 of the Family Court Act, which reads in part: “ Hearing. The trial shall be by the court without a jury. The mother or the respondent shall be competent to testify but the respondent shall not be compelled to testify.”
The petitioner argues that, by reason of the foregoing section, the respondent is entitled to refuse to submit to such an examination by the petitioner, and petitioner is thereby deprived of her right to examine under section 288 of the Civil Practice Act, which provides that either party may examine the other party. It has been held that the mere fact that a privilege exists is no reason for the denial of an order for the examination since the privilege is a personal one and may or may not be insisted upon by the person to be examined (Reynolds v. Reynolds, 81 Misc. 362). Although it is possible to conceive of a state of facts in a filiation proceeding that could be successfully defended without testimony from the respondent, it is certainly true that in the great majority of filiation proceedings the respondent must rely solely upon his own testimony. I therefore find that the foregoing contention is not conclusive.
Petitioner contends further that no pretrial examination is contemplated under section 165 of the Family Court Act. It reads: ‘‘ Procedure. Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved. ’ ’
If this contention is sound, and if section 288 of the Civil Practice Act is not suitable to the instant proceeding, then this court is without authority to take the deposition of a person who is about to leave the State; of a person without the State; of a person residing more than 100 miles from the place of trial; of a person so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial; or where other special circumstances exist. I do not believe that it was the intention of the Legislature to deprive this court of working tools so necessary and indispensable to the proper administration of justice.
The respondent has eloquently asserted his claim to an unlimited examination. Although I agree with the respondent's contention that section 288 of the Civil Practice Act is applicable *151 to a filiation proceeding in this court, I am constrained to disagree as to the scope of such an examination. I hold that the same restrictions and limitations that have been applied to divorce actions should also be applied to filiation proceedings. Privacy has always been the hallmark of Family Courts every place. I can see no sound reason why public policy would operate against a pretrial examination in a divorce action and sanction such examination in a filiation proceeding. Adultery is implicit in every filiation proceeding where either party is married as in the instant case. It is undoubtedly true that in some filiation proceedings a particular issue or some special circumstances arise which may justify an examination of a party before trial upon that issue (Immerman v. Immerman, 230 App. Div. 458; Appelbaum v. Appelbaum, 273 App. Div. 966).
The petitioner has served a detailed bill of particulars and the respondent has not shown any special circumstances or any unique issue that would justify the granting of an examination of the petitioner before trial (Hite v. Hite, 202 N. Y. S. 2d 351). Neither has the respondent asserted any affirmative defense.
Accordingly, the petitioner’s motion to vacate the respondent’s notice of examination is granted.