In the Matter of Lorena Tilson,* Petitioner, *v.* Waldo Bark,* Respondent.

Family Court, New York County, November 21, 1966.

* Names used herein are fictitious for purposes of publication.

*Sidney B. Schatkin* for petitioner. *Stelljes & Stelljes* for respondent.

Joseph A. Doran, J. This is a proceeding to determine paternity and for support of a child born out of wedlock (Family Ct. Act, § 511 *et seq.*).

The respondent herein moves for a general and unlimited examination of the petitioner before trial under the provisions of the CPLR that authorize a "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101). An action includes a special proceeding of the kind at bar (see *Matter of Anonymous* v. *Anonymous,* 48 Misc 2d 949, 950), wherein leave of court is required for disclosure (CPLR 408).

As was said in *Matter of Harris* v. *Doley* (22 A D 2d 769): "The proceeding to establish paternity is a civil judicial proceeding and except where otherwise prescribed by the Family Court Act or by rule of the Administrative Board, the procedure is governed by the appropriate provisions of the Civil Practice Law and Rules. (See Family Ct. Act, § 165; art. 5; CPLR 101, 105, subd. [d].) "

While the CPLR starts with the assumption of full disclosure and a broadening of the scope of examination before trial, the court is still empowered to control pretrial examination more narrowly in the exercise of discretion to prevent abuse in certain kinds of action where judicial experience dictates a policy of limitation. (See *Pearson* v. *Rosenberg,* 22 A D 2d 225; *Nomako* v. *Ashton,* 20 A D 2d 331.)

The difficulty of negating the charge urged as a reason for allowing a broad pretrial inquiry here finds its answer in the strict rule that an accusation of paternity requires proof by entirely satisfactory evidence sufficient to create a genuine belief in the mind of the trier of the facts that the respondent — and no one else — is the father of the child in question. (See *Matter of Rebmann* v. *Muldoon,* 23 A D 2d 163; *Commissioner of Public Welfare ex rel. McNamee* v. *Ryan,* 238 App. Div. 607.) It is easier to agree with the respondent's contention that the con-

siderations of policy limiting examination before trial in matrimonial actions (see *Hunter* v. *Hunter,* 10 A D 2d 291; also *Burch* v. *Burch,* 18 A D 2d 964; *Appelbaum* v. *Appelbaum,* 273 App. Div. 966; cf. *Brown* v. *Brown,* 20 A D 2d 860) hardly apply to a situation that does not involve the marital relation and its confidences. Here, perhaps, is also the place to note the petitioner's observation of an apparent or seeming inconsistency between the "full disclosure" policy of the CPLR as to all parties in a civil action (CPLR 3101) and the privilege of a respondent not to testify in a paternity case (Family Ct. Act, § 531). Of course, the assertion of the privilege creates no inference against him (*Matter of Bayne* v. *Willard,* 46 Misc 2d 1079, 1081).

Historically, an examination before trial appears to have no precedent in a filiation proceeding (see *Matter of "Doe"* v. *"Roe"*, 40 Misc 2d 148, 149). Indeed, the accumulation of experience in this court argues strongly against it. Long before the CPLR it was said: "These special proceedings are governed by their own rules, separate and distinct from those generally applicable to civil and criminal actions" (*Duerr* v. *Wittmann,* 5 A D 2d 326, 330). It is doubtful whether the advent of the CPLR was intended to accomplish a change of practice and procedure in the pretrial stage of this kind of case. In the circumstances of *Matter of "Doe"* v. *"Roe"* (*supra*), the court denied an examination of the petitioner under the Civil Practice Act—now superseded by the CPLR—while recognizing (p. 151) "that in some filiation proceedings a particular issue or some special circumstances arise which may justify an examination of a party before trial upon that issue". The respondent makes no showing of special circumstances in this case or the necessity of examination on a particular matter.

The petitioner has furnished a bill of particulars pursuant to demand of the respondent in this proceeding. It is adequate and responsive to the demand, except as to her precise menstrual cycle for a year prior to conception and the hospital records of birth which, as the court is informed, are being produced from the hospital out of State. It is true that a bill of particulars serves a different function and is usually not an adequate substitute for an examination before trial. (See *Marotta* v. *John Hancock Mut. Life Ins. Co.,* 14 A D 2d 579, 580; *Barnello* v. *Paul-Jeffrey Co.,* 283 App. Div. 996.) It may sometimes suffice, however, in an appropriate case (cf. *Appelbaum* v. *Appelbaum,* 273 App. Div. 966, *supra*).

The motion for examination of the petitioner before trial is denied, without prejudice to application for disclosure as to her

menstrual cycle, unless supplied by a further bill of particulars pursuant to the respondent's demand, or on a showing of special circumstances following delivery of the hospital records that may warrant a pretrial examination as to a particular issue.