John J. Kelly, J.
Defendant moves for a protective order striking written interrogatories served by plaintiff upon defendant. The action is brought to recover damages for breach of contract. The defendant has served an answer asserting affirmative defenses which, inter alia, allege that the court has no jurisdiction over the person of the defendant. Together with the answer, the attorneys for the defendant forwarded a letter advising the plaintiff that they intended to move to dismiss plaintiff’s complaint on the jurisdictional ground. No such motion is presently pending. All of the interrogatories are addressed to the question of jurisdiction.
In support of its motion, defendant contends that disclosure is not available to obtain testimony to oppose a motion attacking the court’s jurisdiction, and cites in support thereof Norton v. Cromwell (248 App. Div. 707); Matter of Erlanger (231 App. Div. 70, 72-73) and Debrey v. Hanna (182 Misc. 824, 827). However, in view of the changes adopted in the CPLR those decisions are no longer apposite. While such a motion is not pending, nevertheless, if brought, the court would be empowered to “ order a continuance to permit * * * disclosure to be had * * * ” (CPLR 3211, subd. [d]; cf. CPLR 3212, subd. [f], as applying to motions for summary judgment). The clear intendment of the rules is to permit disclosure to elicit pertinent evidence concerning proof of issues involving jurisdictional *1089 questions. The remedy being available on a motion attacking jurisdiction of defendant’s person, it is available in the present posture of this action or at any appropriate stage thereof. The motion is denied.