Julian W. Edgcomb, J.
This paternity petition was initiated to establish respondent’s paternity of a male child born to petitioner on or about December 21, 1967 at Auburn, New York.
Petitioner is a married woman, and during all of the period embraced in this proceeding was residing with her husband. A blood-grouping test between petitioner, respondent and the child did not exclude respondent from being the father.
To rebut the presumption of legitimacy, the court received evidence, over respondent’s objection, of the results of a blood-grouping test conducted on February 12, 1969. This test was voluntarily submitted to by petitioner’s husband, without a court order, and the results excluded him as the father of the child in question.
*402 The court finds that there is no statutory provision requiring a court order for a blood-grouping test under circumstances similar to those in this proceeding, or for an order directing a husband, not a party to a proceeding, to so submit. (Oliver v. England, 48 Mise 2d 335.) Therefore, the motion by respondent’s counsel to exclude such testimony on all the grounds stated is denied. The court further finds that such test was properly and skillfully conducted, and that the results of such test are admissible in evidence despite the absence of court order for the same, and that the results thereof conclusively rebut the presumption of legitimacy.
The respondent herein did not testify in his own behalf. This does not create any presumption against him. At this point this court turns its attention to the effect of the husband’s exclusion on the child. The court having found that petitioner’s husband cannot be the child’s father, does it, therefore, follow that respondent should be so adjudicated? This court is loath to make an order, the effect of which would bastardize petitioner’s child. At this point, however, the dilemma can only be resolved by applying the evidentiary rule heretofore set up in paternity proceedings, namely, that the evidence must be entirely satisfactory, which means evidence sufficient to create a genuine belief to the trier of the facts that the respondent is the father of the child, a belief which is supported by more than a mere preponderance of the evidence, though not necessarily sufficient to overcome any reasonable doubt (Matter of Hawthorne, 31 A D 2d 426, 428).
In the case at bar, petitioner’s supporting witnesses did little to corroborate her proof, therefore, her petition must be substantiated largely on the basis of her testimony, and her credibility closely scrutinized. Petitioner’s husband testified briefly, but offered no testimony as to nonaccess. Any question in the court’s mind as to such failure on his part, is dispelled by the proof of the results of the blood test excluding him.
Upon the whole record herein, after a full hearing and after carefully reviewing all the evidence and observing the demeanor of the witnesses, a finding is made that the evidence as a whole is less than entirely satisfactory, and, therefore, falls short of being clear and convincing, and is insufficient to sustain the allegations of the petition that respondent is the father of petitioner’s child. The proof adduced herein can, therefore, be distinguished from that in Oliver v. England (supra).
An order dismissing the petition will be made accordingly.