Anthony J. Cerrato, J.
In this proceeding, instituted pursuant to article 5 of the Family 'Court Act, petitioner seeks an order adjudging the respondent to be the father of a child born to her on January 29, 1967. In answer to the petition, the respondent entered a general denial and requested that a blood grouping test be performed.
By notice of motion dated October 8, 1970, the respondent moves this court for an order permitting him to take the deposition upon oral questions of the petitioner.
The taking of oral depositions is not specifically authorized by the Family Court Act. The Family Court Act does, however, provide that where the method of procedure is not prescribed, the provisions of the CPLR shall be applicable to the extent that they are appropriate (Family Ct. Act, § 165).
It is well settled in this jurisdiction that the Family Court has the authority and power to order a pretrial examination of a party (Matter of Hirsch v. Hirsch, 53 Misc 2d 938; Matter of Schwartz v. Schwartz, 23 A D 2d 204). There is however, no absolute right to have a pretrial examination in a Family Court proceeding. Despite the general liberality intended by *227 CPLR 3101 and 3102 as to disclosure, a rule of caution continues with respect to the grant of disclosure in matrimonial actions and in analogous proceedings in the Family Court (Matter of Rann v. Rann, 54 Misc 2d 704; Nomako v. Ashton, 20 A D 2d 331). Furthermore, in Matter of Doe v. Roe (40 Misc 2d 148) the court held that the same restrictions which have heen applied to matrimonial actions should he applied to filiation proceedings, and an examination before trial should be denied in the absence of a showing of special circumstances.
In the instant proceeding, the respondent has met the burden of showing special circumstances and. is entitled to the relief requested. The petitioner commenced this proceeding some 20 months after the birth of her baby. In addition, although a demand for a bill of particulars was duly served, said bill was furnished some 20 months thereafter. It is now some four years after the alleged acts of sexual intercourse. Quite obviously, if the respondent is to adequately prepare and defend this action, he must know something more than the fact that the petitioner-has asked that he be declared the father of her child.
Accordingly, the instant motion is granted. The petitioner shall -submit to a disclosure within 30 days from the entry of an order to be submitted hereon.