Alvin R. Buskin, J.
Petitioner moves to vacate a notice to take her deposition upon oral examination in the within paternity proceeding; Although the notice of motion refers to the notice to take petitioner’s deposition, no copy thereof has been annexed to the moving papers. The court gathers, after reading the moving and answering affidavits, that respondent, in addition to interrogating petitioner with respect to the issues herein, seeks to have petitioner produce a birth certificate of the subject child and hospital and welfare records in petitioner’s possession, custody or control.
A paternity proceeding is civil in nature (Matter of Roe v. Doe, 56 Misc 2d 59), designed to protect the welfare of the child and as such the statutes governing such proceeding are liberally construed (Matter of C. v. L., 61 Misc 2d 381).
The procedure is governed by appropriate provisions of CP'LR, except where otherwise prescribed by the Family Court Act (Family Ct. Act, § 165). There is no provision in the Family Court Act for examinations before trial.
Petitioner cites the case of Lewis v. Steed, an unreported decision rendered by Judge Fiobillo of this court on January 14, 1966, in support of her contention that no examination may be had in this type proceeding in the absence of a showing of ■special circumstances. It is noteworthy that in vacating the notice of examination in that case, Judge Fiobillo stated that petitioner’s answers to the items requested in respondent’s demand for a bill of particulars are adequate. In the instant case, no demand for a bill was made.
The purpose of disclosure is to advance the function of a trial, to ascertain truth and to accelerate the disposition of suits (Rios v. Donovan, 21 A D 2d 409). Accordingly, Judge Cebbato of this court held in Matter of Walsh (64 Misc 2d 293, 294-295 [neglect proceeding]), that “ experience has shown *755 that where the discovery procedures of the CPLB have been held applicable to Family Court proceedings, the intent of the CPLB * * # was achieved and that the functioning of the Family Court was not impeded.”
In Matter of Tilson v. Bark (52 Misc 2d 338) the court granted a limited examination before trial in a paternity proceeding where the bill of particulars was not wholly responsive."
The court is of the opinion that the proposed examination will help expedite the ultimate disposition of this matter by enabling the parties to better prepare for trial.
With respect to the production of records and documents in the possession, custody or control of petitioner, the court will direct the latter to produce a certified or photo static copy of the birth certificate of her child born December 24, 1969, at the examination. However, the petitioner will not be required to produce hospital and welfare records, assuming the notice calls for the same.
The motion to vacate the notice to take petitioner’s deposition is granted only insofar as the production of hospital and welfare records is concerned. It is in all other respects denied. The examination shall proceed at a time and place to be agreed upon by counsel and inserted in the order to be entered herein.