Arnold L. Fein, J.
On the court’s own motion the decision dated October 7, 1971 is amended to read as follows:
Motion for an order directing defendant to produce certain records at a hearing directed by the Appellate Division to be held before a Special Referee is denied. The order of the Appellate Division directed “ a hearing * * * to resolve the disputed factual contentions and the full facts relevant to the jurisdictional questions pursuant to either CPLR 301 or 302(a)! ”.
It is patent that plaintiff is entitled to a disclosure of such record's and other evidence which are material, necessary and relevant to a determination of the jurisdictional questions directed to he resolved by the Special Referee. (CPLR 3102, 3211, subd. [d].)
Whether the subpoena duces tecum has been or should he complied with is a matter for the Special Referee’s determination, not for Special Term during the progress of the hearing before the Referee. The court is not now in a position to determine the status of the proceedings before the Referee, particularly with respect to rulings made by him as to compliance with the subpoena.
If what is sought is disclosure, authorized in connection with a motion attacking the court’s jurisdiction (CPLR 3211, subd. [d]; Cronin v. New England Stor. Warehouse Co., 54 Misc 2d 1088), an appropriate procedure should he followed (CPDR 3102), with the permission of the Special Referee, so that the court may be in a position to determine the extent and nature of the disclosure to be directed, if any. (CPLR 4201.)