Richard M. Palmer, J.
The court has before it two paternity petitions as to the same child (by the Commissioner and by the mother) and a motion by the respondent for an order
(1) dismissing the petitions,
(2) permitting an examination of the records of the Department of Social Services on the mother and child and permitting an examination of the hospital records and birth certificate, and
(3) permitting an examination before trial of the mother.
The court has decided to deny the first and second parts of
the motion and to grant the examination before trial. No basis is shown in the moving papers as to why the petitions should be dismissed, The mother’s petition may be vulnerable to an attack based on the two-year Statute of Limitations in subdivision (a) of section 517 of the Family Court Act (cf. Matter of Wales v. Gallan, 61 Misc 2d 681). However, dismissal of the petitions involves factual as well as legal considerations and should be dealt with at the fact-finding hearing.
As for permission to examine the records, it does not appear in the motion papers that the permission of the court is legally *582 significant at this stage. The respondent should either issue, or submit to the court for signature, subpoenas for production of the records in court. Then when the records are produced, the respondent may apply for permission to examine them. This application may be made before the hearing or even before the examination before trial referred to below. There are various provisions of law that might be considered (cf. Social Services Law, § 352-a, subd. 1, par. [e], and § 136), but the general practice of this court has been to allow inspection of records absent a showing of good reason for secrecy.
The third part of the motion is the one requiring the greatest amount of consideration. At the argument, the Assistant Corporation Counsel relied on Matter of Tilson v. Bark (52 Misc 2d 338). There Judge Dorast denied a motion for an examination before trial of the petitioner in a paternity case, citing Matter of “Doe” v. “Roe” (40 Misc 2d 148) and writing that (p. 340) “Indeed, the accumulation of experience in this court argues strongly against it [the examination] In the cited case, Judge Dyer had agreed with the respondent that examinations before trial were authorized in paternity proceedings, but denied the examination in that case because ‘1 The petitioner has served a detailed bill of particulars and the respondent has not shown any special circumstances or any unique issue that would justify the granting of an examination of the petitioner before trial ” (40 Misc 2d 148, 151, supra). In that case, the petition was brought before the baby was born.
In the present case, the respondent has refrained from demanding any bill of particulars and none has been served.
The child was born in Long Island College Hospital on December 26, 1965 and the petition was brought by the mother on July 24, 1970. The petition by the Commissioner was made on February 5, 1971. The attorney who makes the motion has affirmed that he was retained by the respondent on July 16, 1971. Another attorney had filed a notice of appearance for respondent on October 22,1970'.
The court believes that in the circumstances of this case an examination before trial of the petitioner may aid the court substantially in arriving at a just determination of the issue of paternity. As has been said many times, the accusation of paternity is easy to make and difficult to defend against. (See Commissioner of Public Welfare of City of N. Y. v. Ryan, 238 App. Div. 607, 608; Matter of Commissioner of Welfare of City of N. Y. v. Fields, 25 A D 2d 504; and Greenberg v. Colman, 32 A D 2d 913; cf. Ploscowe, Sex and the Law [1951], pp. 120-122.)
*583 There is authority in support of the granting of respondent’s motion. In Matter of Linnie D. B. v. Lonnie J. H. (65 Misc 2d 754), a case where no bill of particulars had been demanded and where the County Attorney repressed the petitioner, the court denied a motion by petitioner to vacate a notice to take her deposition before trial. The court wrote that ‘ ‘ the proposed examination will help expedite the ultimate disposition of this matter by enabling the parties to better prepare for trial ’ ’. (supra, p. 755).
Even more in point is the decision in Green v. Brown (65 Misc 2d 226) where the County Attorney also appeared for the petitioner. The court granted a motion by the respondent for an order permitting the taking of a deposition of the petitioner, stating (p. 227): “ the respondent has met the burden of showing special circumstances # * * The petitioner commenced this proceeding some 20 months after the birth of her baby. In addition, although a demand for a bill of particulars was duly served, said bill was furnished 20 months thereafter. It is now some four years after the alleged acts of sexual intercourse. Quite obviously, if the respondent is to adequately prepare and defend this action, he must know something more than the fact that the petitioner has asked that he be declared the father of her child.”
This court agrees with the above reasoning and disagrees with the decision in Matter of Green v. Smith (65 Misc 2d 588). That case is the other case relied on by the Assistant Corporation Counsel at the argument of the present motion. There the child was born almost five years before the petition was made and the respondent served a notice of deposition before trial. The court denied the deposition, writing (p. 592) “Aside from the bare allegation of staleness, respondent has not specifically demonstrated how the delay has in any way prejudiced his position, nor has he demonstrated in what particular respects an examination before trial would remedy any prejudice which might exist.”
The following dictum in Matter of Arlene W. v. Robert D. (86 A D 2d 455) is noteworthy: “ Such limitations on examinations before trial in matrimonial actions are now being relaxed * * * and so should be the restriction on such examinations in filiation cases.” (p. 457).
Finally to be noted is the statement in the leading treatise: ‘1 Examination of a petitioner before trial in a paternity proceeding seems singularly and peculiarly applicable in a paternity proceeding, with its suppression of facts and inherent difficulty *584 of disproof.” (Schatkin, Disputed Paternity Proceedings [4th ed., 1967], p. 534; cf. 1971 Supp., p. 75).
The court notes that in view of the privilege not to testify accorded to a respondent under section 531 of the Family Court Act a problem as to mutuality of disclosure might arise. It is believed that it is premature to deal with this in the absence of any notice of deposition of the respondent.
An examination before trial is to be ordered. If counsel cannot agree on the necessary arrangements, the attorney for' the respondent should settle an order on notice.