Richard M. Palmer, J.
A hearing has been held on two paternity petitions which between them allege that respondent is the father of two girls, one born on December 18,1965 and the other born on March 18, 1967. The older is named Gale and the younger Margaret.
The only witness at the hearing was Cora B., the mother. The following is some of her direct testimony.
petitioner’s case
The mother is 31 years old and has never been married. She met the respondent at a dance in 1964. They started to have sexual intercourse in February of 1965 at the Royal Hotel in Manhattan and continued to, once or twice a week, to August 1, 1965 (four and one-half months before the birth of Gale).
When the mother told respondent of her pregnancy, he said he was married and did not want any children so that she should have an abortion. She tried to but failed.
Respondent brought her gifts in the hospital in December.
After the birth of Gale, sexual intercourse was resumed in March, 1966 at the mother’s apartment, West 116th Street, in Manhattan. Relations continued for two or three months. The *972 mother’s last period before the birth of Margaret was in June, 1966 and she had intercourse with respondent one time afterward.
The mother swore that respondent was the only man she had. sexual intercourse with from February 1, 1965 to the birth of Gale ón December 18, 1965 and from January 1, 1966 to the birth of Margaret on March 18, 1967.
Since the birth of Margaret respondent has had little to do with the mother. However, respondent has come to visit Gale a number of times. He has never come to visit Margaret.
respondent’s defense
The defense was made by cross-examination of the mother.
The mother at first denied that she had ever told anyone that a man named Edward 0. was the father of Margaret. Then when confronted with the Harlem Hospital records which showed she had so named him, she mumbled that she did not remember.
In the bill of particulars the mother disclosed that in addition to Gale and Margaret she had had one other child, Christine, born on September 19,1970. In her direct testimony the mother added a fourth child, Lenore, born on September 18, 1960. At the start of cross-examination the mother testified she had had five pregnancies. She then admitted that she had had a fifth child named Eugene, born in 1963.
On a recross-examination, the mother admitted to having had a sixth child named Jeffrey born in New Jersey in 1961. None of the six was born in wedlock.
At the close of the hearing the court ruled that the petitioner’s case as to the second child, Margaret, did not satisfy the requirement that the proof in a paternity proceeding be ‘ ‘ entirely satisfactory ” or “ clear and convincing ” as stated in Commissioner of Public Welfare v. Ryan (238 App. Div. 607, 608 [1st Dept., 1933]) and in many other cases before and after. It was the opinion of the court that the evidence that the mother had originally named another man as the father together with her false testimony as to the number of children she had had prevented the petitioner’s proof from being entirely satisfactory or clear and convincing in the legal sense. The petition, as to Margaret, was thus dismissed at the hearing.
Decision was reserved as to the petition concerning Gale because there had been no evidence that the mother had ever named another man as the father and because there had been evidence to distinguish the two cases in the testimony of the mother that respondent had visited Gale but not Margaret.
*973 .ARGUMENTS OF DEFENSE COUNSEL
The attorney for the respondent has submitted a brief and argued that the petition as to Gale ought to be dismissed on the grounds of contradictory testimony, lack of corroboration, promiscuity of the mother and delay in prosecution.
The Assistant Corporation Counsel has submitted a letter in answer to these arguments point by point.
The arguments of respondent’s attorney based on lack of corroboration, promiscuity and delay in prosecution are not compelling — at least not as separate defenses.
There is no requirement that a mother’s testimony identifying a respondent as the father of her child be corroborated. (See Matter of Anne “K.” v. Richard “L.”, 34 A D 2d 1036 and 35 A D 2d 624 [3d Dept., 1970]; Matter of Greenberg v. Colman, 32 A D 2d 913 [1st Dept., 1969]; and Schatkin, Disputed Paternity Proceedings [4th ed., 1967], pp. 75, 669; cf. Matter of Dorn “HH” v. Lawrence “II”, 31 N Y 2d 154, 158 [1972].) On the other hand, it is to be recognized that a petitioner who does not present any corroboration runs a real risk of not persuading the court to 1‘ entire satisfaction ’ ’.
The admissions of the mother, a 31-year-old woman, that in addition to the two children in these proceedings she had conceived four other children with four different men do not show her to have been promiscuous in the sense of having indiscriminate sex with two or more men in any given period of time. It is one thing for a woman to have a series of intimate relationships, each with one man lasting months or years (cf. Matter of Joan D. v. Thomas P., 39 A D 2d 759 [2d Dept., 1972]). It is another thing for her to have relationships with two or more men in one short period of time such as a period of ovulation. Evidence of the latter kind of promiscuity is severely damaging, if not fatal, to a petitioner’s case. (See Matter of Rebmann v. Muldoon, 23 A D 2d 163 [1st Dept., 1965]; Matter of Wickham v. Barbera, 279 App. Div. 953 [3d Dept., 1952], and the discussion of the defense of exceptio plurium concubentium in Clark, Domestic Relations [1968], p. 167. Cf. Matter of Huber v. Fedison, 35 A D 2d 1078 [4th Dept., 1970]; Matter of Olive B. v. Gilbert L., N. Y. L. J., Sept. 10, 1971, p. 18, col. 3 [Family Ct., Kings County]; Matter of Commissioner of Welfare v. Ivan R., N. Y. L. J., March 20, 1973, p. 18, col. 6 [Family Ct., Kings County].)
The delay of six years since the birth of Gale to the date of the petition is not fatal to petitioner. Delay in the making and presentation of a paternity petition by a woman who is being *974 supported with her children by public assistance is of limited significance. (Cf. Matter of Commissioner of Welfare v. Jones, 73 Misc 2d 1014 [Family Ct., Queens County, 1973] and Doe v. Lavine, 347 F. Supp. 357 [S.D.N.Y., 1972].)
The argument of respondent’s attorney, going to the established disregard of the mother to her oath to testify truthfully, is discussed in connection with the next point.
INEEBENCE ebom silence oe bespondent
The difficult question in this case is whether the court may draw an inference against the respondent from his failure to deny the mother’s testimony that he is the father of Gale. Her testimony as to Gale had not been weakened by any evidence (as in the case of Margaret) that she had previously named another man as the father. In fact, her assertion that respondent is the father of Gale was buttressed by the testimony that the respondent had bestowed a form of recognition on Gale by coming to visit that child only.
There is a statutory provision on testimony by the respondent in section 531 of the Family Court Act. It provides in part that “ the respondent shall be competent to testify but the respondent shall not be compelled to testify.”
There are at least two possible constructions that might be given to this provision.
One construction, going back to the quasi-criminal antecedents of paternity proceedings which were tried in criminal courts in this city before 1962 (see, now, Family Ct. Act [L. 1962, ch. 686], § 511), is that the respondent has a privilege similar to that of a defendant in a criminal prosecution. Such a defendant has a privilege against self incrimination under section 6 of article I of the State Constitution. No inference unfavorable to him may be drawn from his use of the privilege (see CPL 60.15, subd. 2).
The other construction of section 531 of the Family Court Act is that it merely gives the respondent a privilege to decline to testify if called as a witness by the petitioner. (Cf. Matter of Schreck v. Long, 25 A D 2d 599 [3d Dept., 1966]; Matter of Howard v. Robinson, 32 A D 2d 837 [2d Dept., 1969]; and Matter of “Doe” v. “Roe”, 40 Misc 2d 148, 150 [Family Ct., N. Y. County, 1963].) Under this construction an inference unfavorable to the respondent may be drawn from his failure to call himself as a witness.
The case law is not clear as to which construction of section 531 should be adopted. Counsel did not argue the point at the hearing or in their posttrial submissions.
*975 There are many cases which might be cited in support of the broader construction which favors respondents generally. Thus in People ex rel. Fischer v. Jones (101 N. Y. S. 2d 317, 320 [Children’s Ct., Schenectady County, 1950]) it was said: 11 Since the proceedings of this nature are quasi-criminal, the defendant’s neglect or refusal to testify does not create any presumption against him * * * no unfavorable inference may be drawn against him because he has not testified.” The court dismissed the petition on the merits after a trial.
The Fischer case was cited in Matter of Fitzsimmons v. De Cicco (44 Misc 2d 307, 310 [Family Ct., Ulster County, 1964]) and in Matter of Bayne v. Willard (46 Misc 2d 1079,1081 [Family Ct., N. Y. County, 1965]) each time for the proposition that respondent’s failure to testify creates no presumption against him. The petition was dismissed on the merits in Bayne; however, a finding of paternity was made in Fitzsimmons.
In Matter of Tilson v. Barh (52 Misc 2d 338, 340 [Family Ct., N. Y. County, 1966]) the court in denying respondent’s motion for an examination before trial added the dictum “ Of course, the assertion of the privilege creates no inference against him ”.
Later came Matter of Martin v. Lane (57 Misc 2d 4, 8 [Family Ct., Dutchess County, 1968]) where the court observed as to respondent’s failure to testify that “ his failure to do so creates no presumption against him * * * However, it did
result in his presenting no evidence to refute the contentions of the petitioner.” The court found that the respondent was the father. The order of filiation was reversed on appeal for failure to give sufficient weight to the presumption that the child was the legitimate offspring of petitioner’s husband — sub nom. Matter of Mannain v. Lay (33 A D 2d 1024 [2d Dept., 1970], affd. without opn. 27 N Y 2d 690 [1970]).
In Matter of Moore v. Murray (63 Misc 2d 401 [Family Ct., Onondaga County, 1969]) the petition was dismissed. Respondent did not testify and the court observed that “ This does not create any presumption against him” (p. 402).
The general statement is made in section 266 of Samuels, Family Court Law and Practice in New York (1972) that “ A putative father’s failure to testify creates no presumption against him.” It is noted by the author that in the Fitzsimmons case (44 Misc 2d 307, supra) a finding was made against a respondent who did not testify where petitioner’s evidence included an acknowledgment of paternity by the respondent.
*976 The leading text on paternity proceedings is Schatkin’s Disputed Paternity Proceedings (4th ed., 1967).* It is noteworthy that in his discussion of conducting the trial Mr. Sehatkin advises (p. 704): “If defendant knows her assertions, or those of her witnesses, to be untrue, he should under no circumstances fail to contradict them, either by his own testimony, or that of his other witnesses ”. Moreover, in the 1973 cumulative supplement to his work Mr. Sehatkin puts his advice in stronger terms (p. 220): “ His failure to testify leaves the record in a state of non-contradiction of petitioner’s assertions, thus forcing the court to find against him.”
While the procedure in the case was somewhat unusual, Matter of Arlene W. v. Robert D. (36 A D 2d 455 [4th Dept., 1971]) may be regarded as authority contrary to the view of the Fischer and other cases cited above. In that case petitioner called the respondent as her first witness. Apparently he did not claim any privilege under section 531 of the Family Court Act but persuaded the trial court to rule that in making respondent her witness she was bound by his answers and could not cross-examine him. Then when petitioner rested, respondent did without further testimony. Petitioner, her mother and her female roommate had testified.
The Family Court found in favor of the respondent. The majority in the Appellate Division observed with respect to petitioner’s testimony (p. 459): “Much incriminating testimony against respondent, therefore, went unanswered by respondent or his father, although they, respondent in particular, were present and in a position to answer, explain or deny, if petitioner’s evidence was not true. Under such circumstances the trier of the facts may draw the strongest inferences possible from petitioner’s evidence against the respondent ”. The court ruled that the denial by the trial court to petitioner of a right to examine respondent as a hostile witness had been error. However, the court did not remand for a new trial, but made its own assessment of the record and held that it required a determination and order that respondent was the father of the child.
In Matter of Anne “K.” v. Richard “L.” (34 A D 2d 1036 and 35 A D 2d 624, supra) the Appellate Division appears to have relied in part on the failure of respondent to testify in affirming an order of filiation.
The law elsewhere varies from State to State. (See Clark, Domestic Relations [1968 ed.], p. 169.)
*977 A number of authorities may be cited for the view that the rule as to inferences from failure to testify under a claim of privilege in a civil case is different from the rule in criminal cases and that an inference may be drawn against the party claiming the privilege. (See Bradley v. O’Hare, 2 A D 2d 436, 442 [1st Dept., 1956]; Matter of Weaver, 58 Misc 2d 901 [Surrogates Ct., Albany County, 1969]; Matter of Tesch, 66 Misc 2d 900. [Family Ct., Wayne County, 1971] and Richardson, Evidence [9th ed., Prince, 1964], § 540.) (In view of the Statute of Limitations, respondent probably could not have cited section 255.17 of the Penal Law and invoked the privilege against self incrimination, but, if he had, the above authorities suggest an inference could have been drawn against him.)
Reference may be had again to Mr. Schatkin (p. 669) who writes with respect to the defendant in a paternity case: “ The courts have held that under certain circumstances the defendant’s failure to testify lends support to complainant’s case (See, also, Richardson, Evidence, § 92.)
While there remain some special rules governing paternity proceedings, it should be beyond doubt that at this time in this State they are civil proceedings and not criminal or even quasi-criminal in nature. (See Matter of Harris v. Doley, 22 A D 2d 769 [1st Dept., 1964]; Matter of Linnie D. B. v. Lonnie J. H., 65 Misc 2d 754 [Family Ct., Westchester County, 1970]; Matter of Green v. Smith, 65 Misc 2d 588 [Family Ct., Dutchess County, 1970]; cf. Matter of Clausi, 296 N. Y. 354 [1947]; and Commissioner of Public Welfare v. Ryan, 238 App. Div. 607, 608, supra.)
It is the opinion of this court that section 531 of the Family Court Act should be given a construction limited to its terms: “ the respondent shall not be compelled to testify ” and that a construction denying any inference against a respondent who exercises the privilege is unwarranted. This opinion finds support in the Arlene W. case and the authorties subsequently cited above. (The court concedes that it has come to this opinion without the benefit of a review of the legislative history of the enactment of section 531 in chapter 686 of the Laws of 1962 or its prior versions.)
It is recognized that the construction adopted by this court leaves the statutory privilege as being of limited value. Few respondents will invoke the privilege if they know the price may well be an inference that the assertion of paternity could not be truthfully denied. As limited by this court’s construction, the privilege would appear to be simply one that a respondent can avoid being called and examined as a hostile witness by *978 the petitioner’s attorney. He may defer his testimony until he has had a chance to test petitioner’s prima facie case by motion. The privilege even as limited may also help him to avoid an examination before trial, but this has not been passed upon. (Cf. Matter of Commissioner of Social Servs. v. Otilio O., 70 Misc 2d 581, 584 [Family Ct., Kings County, 1972].)
At this, point the court will not attempt to pass on the kinds of cases in which the privilege may be useful to a respondent. Certainly there may be cases where no inference will be drawn. (Cf. Matter of Diana G. v. David H., P-4591/70 [Family Ct., N. Y. County, 1971].)
Attention must now be given to the present case. After the petitioner rested, the court denied respondent’s motion to dismiss for failure to present a prima facie case. (This decision finds direct support at page 669 of the Schatkin treatise. See, also, Erie County Bd. of Social Welfare v. Truesdale, 15 A D 2d 862 [4th Dept., 1962] and Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.12.) The respondent then rested and made a motion to dismiss for failure to present clear and convincing evidence or evidence" to entire satisfaction as to his paternity. (As noted above, the companion motion was granted as to Margaret.)
If, as the court has concluded, the law permits an inference against a respondent from his failure to testify, should not the inference so bolster the petitioner’s case as to authorize and even require a finding of paternity as to Gale? This is a close question. No hard and fast rule should be adopted in view of the requirement established by the cases that the proof must be clear and convincing and entirely satisfactory.
At this point the court considers the cumulative effect of the arguments made by defense counsel and rejected one by one above. First, it was shown at the hearing that the mother testified falsely as to the number of children she had had and had made a prior inconsistent statement before accusing respondent of being the father of Margaret. In addition, the court notes '.that her testimonial demeanor was unimpressive, if not detracting. Second, while there was no admission by her of having had liaisons with more than five men — a number which may not be unusual for a 31-year-old, never-married woman — the manner in which the admissions were brought out suggested that further investigation would have led to several additional admissions. Thus the defense raised the issue of promiscuity and on these facts it is the opinion of this court that the burden on this issue was placed on the petitioner. Her generally uncon *979 vincing testimony did not sustain the burden. Third, there was no corroboration at all. In view of these points the court is unable to make the requisite finding of clear and convincing or entirely satisfactory proof and will dismiss the petition as to Gale as it dismissed the petition as to Margaret.
The action of the court should not be interpreted as undercutting the strength of the inference that may be drawn in a civil * case from the failure of a respondent to assume the witness stand and deny the petitioner’s case. The Bar should be on notice that there may be cases in which the inference may carry the day for a petitioner, even where the mother’s testimony is uncorroborated and unimpressive and shows considerable sexual looseness.
The petition is being indorsed with an order of dismissal.

 See Gellhorn, Children and Families in the Courts of New York City (1954), p. 194.

 Cf. Family Ct. Act, § 741, subd. (a) and Matter of Edward S., (37 A D 2d 977 [2d Dept., 1971]).