In the Matter of MARGARET B., Respondent, v GILBERT W., Appellant.

First Department, April 13, 1976

*Esther D. Curtwright* of counsel *(Jeffrey E. Glen,* attorney), for appellant.

*Diane R. Eisner* of counsel *(L. Kevin Sheridan* with her on the brief; *W. Bernard Richland, Corporation Counsel),* for respondent.

SILVERMAN, J. This is an appeal by respondent (the putative father) in a paternity case from an order of the Family Court granting petitioner limited pretrial disclosure by directing him to furnish written answers to certain items.

Petitioner claims that respondent is the father of four children born between December, 1959 and April, 1963. The paternity petitions are dated December 11, 1973. Respondent has interposed the defense of the Statute of Limitations under subdivision (a) of section 517 of the Family Court Act which requires that proceedings to establish the paternity of a child "shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support."

Petitioner has contended that respondent did acknowledge the paternity of the children in writing. It is not clear whether petitioner contends that respondent has in fact furnished support for the children although she said that respondent had claimed the children as dependents on his tax returns.

For the purposes of obtaining evidence to sustain her position, petitioner made motions for disclosure in the Family Court. The Family Court denied petitioner's application for copies or permission to obtain copies of respondent's income tax returns; and no appeal has been taken from this.

Petitioner also requested that respondent be required to furnish the following information:

"A. The name of Gilbert [W.], respondent, as shown upon his Social Security card for years 1964 through 1973, as well as his Social Security number.

"B. Address or addresses where respondent resided during years 1963 through 1974, and name used at those addresses.

"C. Whether respondent filed Federal and State Income Taxes during years 1963 through 1973, and if so where such returns were filed."

The Family Court granted the motion for disclosure to the extent of directing respondent to serve written answers as to these items "stating under oath as to any omission that he does not have information and who does." The court further stated that it was not ruling "as to admissibility in evidence of any information so obtained."

Respondent says that this disclosure is a violation of his right not to be compelled to testify under section 531 of the Family Court Act which provides in part under the heading "Hearing": "The trial shall be by the court without a jury. The mother or the respondent shall be competent to testify but the respondent shall not be compelled to testify."

It has long been recognized that paternity proceedings are *sui generis. (Duerr v Wittmann,* 5 AD2d 326; *Anonymous v Anonymous,* 13 Misc 2d 718, 720, affd *sub nom. Department of Public Welfare v Jarcho,* 7 AD2d 979.) They were once at least quasi-criminal in nature, being formerly prosecuted in the Court of Special Sessions. However, it is now recognized that such a proceeding "is civil and noncriminal in nature." *(Matter of Clausi,* 296 NY 354, 355.)

For a long time pretrial disclosure proceedings were either not permitted or permitted only in special circumstances in

paternity proceedings. (See, e.g., *Matter of Tilson v Bark,* 52 Misc 2d 338, 340; *Matter of Doe v Roe,* 40 Misc 2d 148.)

To some extent that attitude seems to be shifting in favor of a more liberal grant of disclosure in such proceedings. (See, e.g., *Green v Brown,* 65 Misc 2d 226; *Matter of Commissioner v Otilio O.,* 70 Misc 2d 581; *Matter of Russo v Hardy,* 68 Misc 2d 1057, 1059; *Matter of Linnie D. B. v Lonnie J. H.,* 65 Misc 2d 754.)

Recently the Appellate Division, Fourth Department, expressed its views as follows: "Denials of examinations before trial in filiation cases have been made in reliance upon matrimonial cases wherein examinations before trial were denied or closely restricted prior to the recent amendments of the Domestic Relations Law. Such limitations on examinations before trial in matrimonial actions are now being relaxed (see *Dunlap v Dunlap,* 34 A D 2d 889) and so should be the restriction on such examinations in filiation cases (see *Green v Brown, supra)."* *(Matter of Arlene W. v Robert D.,* 36 AD2d 455, 457.)

The prevailing view is that disclosure procedures "advance the function of a trial to ascertain truth and * * * accelerate the disposition of suits." (See, *Rios v Donovan,* 21 AD2d 409, 411.) We think that the interest of justice will be better served by allowing some disclosure in appropriate circumstances even in paternity cases.

There is of course the need to preserve to the respondent his right under section 531 of the Family Court Act not to be compelled to testify. But we note that that section relates to hearings. At least one decision of the Family Court has stated the privilege should be narrowly construed. *(Matter of Commissioner of Social Servs. v James S.,* 75 Misc 2d 971, 977.)

Interrogatories should not be permitted to be used as a device to circumvent the right of the defendant not to testify at the hearing. Accordingly, to the extent that we are requiring the respondent to answer the interrogatories, those answers may not be used in evidence at the hearing. To that extent, consistent with the *sui generis* nature of the paternity proceeding, CPLR 3131 permitting use of interrogatories at trial, should not be applied with respect to interrogatories from the putative father in paternity proceedings. The information adduced will merely be used as leads to enable petitioner to develop legally admissible evidence.

It is not unprecedented to permit pretrial disclosure of

matter which would not be admissible in evidence. That indeed is the thrust of the leading case of *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403). See also cases arising under "the Dead Man Statute" CPLR 4519. *(Lemlich v Lemlich,* 266 App Div 748; see *Phillips v Kantor & Co.,* 31 NY2d 307, 313.)

If, as I believe, the Family Court has power to order this type of disclosure, the scope of such disclosure must lie largely in the discretion of the Family Court Judge, with due caution and regard to the sensitive problems of a paternity case.

In the present case petitioner is essentially seeking leads to enable her to disprove the defense of Statute of Limitations. The search for leads to evidence is within the philosophy of present day disclosure procedures as expounded in *Allen v Crowell-Collier Pub. Co. (supra).*

Of course, the very nature of a paternity case requires care in the kind of questions the putative father shall be required to answer. But here he is not being required to say whether he is the father, or whether he had intercourse with, or lived with the mother, or even whether he has ever admitted to being the father. He is merely being asked to give certain information which may enable petitioner to find evidence that he has either acknowledged the paternity of the children in writing or has supported them, as bearing primarily not on paternity but on the affirmative defense of the Statute of Limitations.

However, consistent with the Family Court's denial of disclosure of respondent's income tax returns and mindful of the potential for abuse in the question as to whether someone has filed an income tax return especially when the return itself is not made available, we strike item "C."

Further, item "B" shall be deemed to refer to addresses other than those, if any, at which respondent may have resided with petitioner. If there be any such mutual addresses, petitioner must have knowledge of them; and to require respondent to state any such addresses would really be to require him to give evidence bearing more directly on the claim of paternity than on the affirmative defense of Statute of Limitations to which the interrogatories purport to be addressed.

The order of the Family Court, New York County (SHORTER, J.) dated April 10, 1975 directing respondent to serve written answers should be modified in the exercise of discretion so as

to strike item "C" of petitioner's interrogatories and so as to modify item "B" to exclude addresses, if any, at which respondent may have resided with petitioner, and otherwise affirmed, without costs and without disbursements.

CAPOZZOLI, J. (dissenting). I am of the view that the respondent in these filiation proceedings cannot be compelled to testify or produce evidence at the pretrial discovery stage of such proceedings.

Section 531 of the Family Court Act provides in pertinent part that: "The mother or the respondent shall be competent to testify *but the respondent shall not be compelled to testify".* *(Italics supplied.)*

CPLR 3101, which is entitled "Scope of disclosure", provides, in subdivision (b), as follows: "Privileged matter. Upon objection of a party privileged matter shall not be obtainable".

Since matters which would be privileged at trial cannot be obtained by deposition (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.38, p 31-101), I would reverse the order of the Family Court which granted petitioner's motion for pretrial discovery.

I would not deny pretrial disclosure herein because of any rules pertaining to matrimonial cases, as alluded to in *Matter of Arline W. v Robert D.* (36 AD2d 455) cited in the majority memorandum. I base my denial solely on section 531. Similarly, the majority's reliance upon *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403) is misplaced. In the case at bar we are not dealing with the question of whether the information sought is "material and necessary" but, rather, with the question of privilege, namely: the privilege afforded by section 531.

In *Dunlap v Dunlap* (34 AD2d 889) although the court observed that "the reasons for restricting use of disclosure in matrimonial actions have been substantially diminished", it nevertheless denied disclosure on the issue of adultery alleged in defendant's counterclaim because he was not competent to testify on that issue. The court cited CPLR 4502, which states that a husband or wife is not competent to testify against the other in an action founded upon adultery. In the case at bar we are not faced with the competency of the testimony. Section 531 of the Family Court Act gives the respondent, in this type of action, complete protection against being compelled to give testimony.

KUPFERMAN, MURPHY and LANE, JJ., concur with SILVER-
MAN, J.; CAPOZZOLI, J., dissents in an opinion.

Order, Family Court of the State of New York, New York
County, entered on April 10, 1975, modified, in the exercise of
discretion, so as to strike item "C" of petitioner's interrogato-
ries and so as to modify item "B" to exclude addresses, if any,
at which respondent may have resided with petitioner, and
otherwise affirmed, without costs and without disbursements.