OPINION OF THE COURT
Jack Turret, J.
In this paternity proceeding, the court has before it (1) petitioner’s motion to strike respondent’s pleadings, or, in the alternative, to compel his deposition, and (2) respondent’s motion to dismiss for lack of personal jurisdiction. The court will deal first with the motion to dismiss.
Due process requires both an adequate underlying basis for the court’s assertion of personal jurisdiction over a respondent (CPLR 301) and service of process that is reasonably calculated to give the respondent actual notice of the proceeding. (International Shoe Co. v Washington, 326 US 310.) Subdivision (c) of section 525 of the Family Court Act addresses only the Legislature’s concern that actual notice be given the respondent before a judgment is entered against him. In this instance, notice has been given accord *746 ing to statutory requirements but respondent challenges the underlying basis for the court’s power, asserting that he is not, in fact, a resident of this State, and is therefore beyond its jurisdiction, despite satisfaction of the notice requirement.
Paternity proceedings are governed by article 5 of the Family Court Act. Section 525 of that act, entitled “Service of summons”, provides in subdivision (c): “In any case, whether or not service is attempted under subdivision (a) or subdivision (b), service of a summons and petition under this section may be effected by mail alone to the last known address of the person to be served.” (Emphasis added.) Petitioner and her attorney appeared before this court on June 27, 1980. Upon petitioner’s sworn testimony as to respondent’s address and current unavailability to receive personal service, mail service was authorized. Mail service is all that is required under section 525 of the Family Court Act. The special requirements of the CPLR are not incorporated into Family Court procedures in this instance. (Family Ct Act, § 165; Horn v Horton, 90 Misc 2d 159, 162.)
The court’s exercise of personal jurisdiction over respondent is not based on the long-arm statute, CPLR 302 (subd [b]), there being, as yet, no obligation to pay child support. (Matter of Anonymous, 104 Misc 2d 611.)
The basis for this court’s jurisdiction is petitioner’s allegation that respondent is a resident of this State. Respondent’s denial of New York residence raises an issue of fact. A trial to determine his residence as it relates to the jurisdictional question is required. Where, as here, the challenge is to the court’s competence to decide the matter, an immediate trial on that limited issue is appropriate. (CPLR 3211, subd [c]; Howard v Spitalnik, 68 AD2d 803.) Respondent’s motion to dismiss is held in abeyance pending a determination on the issue of his residence, to be held before me in Part III on November 20, 1980.
Service of process is not the issue to be examined at that hearing. Respondent clearly has received actual notice of this proceeding. (See Wayne County Dept. of Social Servs. *747 v Orbaker, 89 Misc 2d 1015.) The only issue to be considered is respondent’s residence.
Respondent, having moved to dismiss for lack of personal jurisdiction, is not yet deemed to have entered a general appearance conferring jurisdiction. (CPLR 320, subd [b].) The purpose of the hearing is limited, therefore, to the jurisdictional issue, and does not in any sense encompass a hearing on the merits. Petitioner may introduce evidence of respondent’s alleged New York residence. The only remaining question is whether she fiiay compel respondent to testify on that issue.
The court is mindful of the statutory privilege afforded the respondent by section 531 of the Family Court Act: “The mother or the alleged father shall be competent to testify but the respondent shall not be compelled to testify.” In Matter of Margaret B. v Gilbert W. (41 NY2d 971) the Court of Appeals ruled that the privilege extended to pretrial inquiry as to respondent’s name, addresses and Social Security number. The Margaret B. case is distinguishable, however, from the case before this court.
In Margaret B. the respondent raised the affirmative defense of the Statute of Limitations. Petitioner, in order to toll the two-year limitation, had to produce evidence of respondent’s written acknowledgment of paternity or past support of the child. (Family Ct Act, § 517, subd [a].) As the Appellate Division, First Department, stated, respondent was “asked to give certain information which may enable petitioner to find evidence that he has either acknowledged the paternity of the [child] in writing or has supported them” (Matter of Margaret B. v Gilbert W., 51 AD2d 456, 460, supra). The Court of Appeals reversed the Appellate Division’s allowance of disclosure on the dissent of Justice Capozzoli whose view was based simply on the statute itself, which (p 461) “gives the respondent, in this type of action, complete protection against being compelled to give testimony.”
The Margaret B. proceeding, although a “pretrial” matter, involved factual issues that were undeniably related to the merits of the case, involving respondent’s past relationships with the petitioner and her child. The scope of *748 the statutory privilege properly encompassed such information at that stage of the proceeding, i.e., a motion to dismiss on the ground that the Statute of Limitations has run.
The posture of the proceeding before this court is significantly different. The question of respondent’s residence is unrelated to the merits of this petition. Unlike the petitioner in Margaret B. (supra) this petitioner is not “seeking leads” as to respondent’s relationship with her or her child. A favorable ruling on respondent’s motion pursuant to CPLR 3211 (subd [a], par 8) will not be on the merits and will not enjoy res judicata effect, as would have been the result in Margaret B.
The court rules that respondent is not privileged at this stage to remain silent as to matters relating to his residence, as limited herein. Accordingly, disclosure in advance of the hearing on the jurisdictional issue is directed pursuant to CPLR 3211 (subd [d]). (Cronin v New England Stor. Warehouse Co., 54 Misc 2d 1088.)
In order to insure that respondent’s privilege as to the merits of the case is preserved, the court directs that respondent may not be required to divulge any addresses at which the parties may have resided together. Disclosure is not allowed with respect to any issues relevant to paternity that would be contested at the hearing on the merits.
Respondent need not appear personally in this jurisdiction for purpose of disclosure. The limited inquiry ordered herein will proceed as provided for in the CPLR where testimony by persons outside the jurisdiction is required.