In the Matter of STELLA HOGGARD, Respondent, *v.* CURTIS HOGGARD, Appellant.

First Department, June 4, 1974.

*Deyan Ranko Brashich* of counsel (*Edith Blumberg* with him on the brief; *Brashich & Finley,* attorneys), for appellant.

No one appearing on behalf of respondent.

NUNEZ, J. P. This is a proceeding pursuant to article 8 of the Family Court Act. It was originated by the filing of a petition by the wife alleging, *inter alia,* that her husband had attacked her and seeking appropriate relief pursuant to section 821 of the act. The Clerk of the court mailed a summons to the husband appellant directing him to appear for a hearing. No attempt at personal or substituted service was made prior to the mailing of the summons. On the return date appellant, on formal papers, moved for an order pursuant to CPLR 3211 (subd. [a], par. 8) dismissing the petition on the ground that service by mail in the first instance does not comply with the requirements of section 826 of the Family Court Act and, therefore, the court lacked in personam jurisdiction of the husband. His motion was denied and this appeal by our leave followed.

Section 826 of the Family Court Act provides as follows:

" (a) Service of a summons and petition shall be made by delivery of a true copy thereof to the person summoned at least twenty-four hours before the time stated therein for appearance. * * *

. " (b) If after reasonable effort, personal service is not made, the court may at any stage in the proceedings make an order providing for substituted service in the manner provided for substituted service in civil process in courts of record."

A reading of section 826 of the Family Court Act requires an initial reasonable effort to effect service by the traditional mode of delivery to the person before recourse, presumably to CPLR 308(5), which provides:

" Personal service upon a natural person shall be made by any of the following methods: * * *

" 5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section."

The import of this subdivision 5 has been described by Professor Joseph M. McLaughlin (Practice Commentary in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 308, p. 212): "Subdivision 5 has no antecedent in the CPA. It is designed to give the court discretion to authorize special modes of service when all other avenues have been exhausted unsuccessfully. So long as the court devises methods that are reasonably calculated to give the defendant notice of the lawsuit and an opportunity to be heard, no constitutional problems should arise. Milliken v. Meyer, 1940, 311 U. S. 457."

We find no statutory authority for what appears to be the standard practice of the Family Court of serving summonses by mail without showing of any effort to make personal or substituted service and without any preliminary finding or court order. See affidavit by the Deputy Executive Officer of the Family Court in *Zeek* v. *Zeek* (74 Misc 2d 758, affd. on other grounds *sub nom. Matter of Zivkovic* v. *Zivkovic,* 44 A D 2d 558). Therein it is stated that all summonses have been in the past, and are presently, served by mail, citing the lack of staff and funds for the impossible task of personal service in the tremendous number of cases continually flowing into the Family Court.

The Appellate Division, Fourth Department, in *Rodoe* v. *Noneus* (23 A D 2d 212, 214) stated: "In filiation proceedings, *as in every matter which comes before the Family Court, the practice should conform with the requirements of the Family Court Act and the CPLR*" (emphasis ours). In reversing, the court criticized the practice of service by mail and admonished the Onondaga Family Court to immediately change its practice to comply with the requirements of the Family Court Act.

This unauthorized practice reflects once again the dilemma posed by lack of funding for our courts. We suggest to the Legislature that it either provide the necessary funds to employ the requisite number of process servers to personally serve process as required by present law in the tens of thousands of cases processed annually in the Family Court, or that it amend the law to provide for other means of service. Furthermore, it is respectfully suggested that the various sections of the Family Court Act providing varied service in different types of actions be consolidated into a simple, specific unambiguous section. Perhaps, as in the Small Claims Court, the Legislature can, where appropriate, make provision for service by registered or certified mail. The Small Claims Court procedure and results have met with general approval. There, when an undelivered summons is returned to the court, the plaintiff

is requested to effect personal service. The case will not be heard until an affidavit of service has been filed. In civil cases, failure of the defendant to appear results only in a money judgment against the defendant. The contrast with what happens in the Family Court upon defendant's failure to appear is obvious. Respondent is warned in bold letters on the mailed summons that upon his failure to appear as directed, a warrant may be issued for his arrest. We note incidentally, that we find no requirement that the court serve the summons. These parties, as many other litigants in the Family Court, are represented by counsel. Perhaps, pending relief from the Legislature, the practice should be changed to require service of process by the parties as in other civil litigation. Present procedure subjects defendants to arrest, often without any prior notice of the proceeding. We must acknowledge that not all mail which does not reach the addressee is returned to the sender. We further note in this case that the original record fails to disclose any affidavit of service, by mail or otherwise.

We appreciate the difficult task facing the Family Court, but we cannot authorize a procedure which is clearly contrary to the express provisions of the law. We repeat: the remedy lies with the Legislature.

The order of the Family Court, Bronx County (MATTHEWS, J.) entered February 11, 1974, denying respondent's motion to dismiss the petition on jurisdictional grounds should be modified on the law so as to set aside the service of the summons without prejudice to proper service, and otherwise affirmed, without costs or disbursements. The petition was duly filed and the proceeding commenced pursuant to section 821 of the Family Court Act and should not, therefore, be dismissed.

STEUER, CAPOZZOLI, LANE and LYNCH, JJ., concur.

Order, Family Court of the State of New York, Bronx County, entered on February 11, 1974, unanimously modified, on the law, so as to set aside the service of the summons without prejudice to proper service, and otherwise affirmed, without costs and without disbursements.