Ruth PERRY et al., Plaintiffs,

v.

Florence M. KELLEY et al.,
Defendants.

No. 73 Civ. 4766.

United States District Court,
S. D. New York.

June 14, 1974.

Stephen M. Latimer, Bronx Legal Services Corp. B, New York City, for plaintiffs.

Louise Gruner Gans, Community Action for Legal Services, New York City.

Louis J. Lefkowitz, Atty. Gen. of New York State, for defendants (except Sugarman); Robert S. Hammer, Asst. Atty. Gen., of counsel.

Adrian P. Burke, Corp. Counsel, New York City, for defendant Sugarman; Joseph F. Bruno, Asst. Corp. Counsel, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

These are cross motions. Plaintiffs move for an order pursuant to Fed.R. Civ.P. 23(c) determining that this action be maintained as a class action. Defendants move for an order pursuant to Fed.R.Civ.P. 12(b) dismissing the complaint.

This action was commenced on November 7, 1973, and an amended complaint was filed on February 27, 1974. Plaintiffs sue on behalf of themselves and on behalf of "all persons who are or will be subject to neglect and abuse proceedings in the Family Court of State of New York, City of New York ('Family Court'), to whom a summons has been or will be sent by ordinary mail as the first attempt at service of process; or for whom an arrest warrant has been or will be issued without prior notice, warning or probable cause, or whose children have been or will be seized prior to the commencement of Family Court proceedings without prior notice, warning, or a showing of imminent danger to life or health." Plaintiffs, seeking declaratory and injunctive relief, challenge the constitutionality of Family Court procedures by which children are

removed from their place of residence, by which summonses are served, and by which arrest warrants are issued. Defendants include the judges of the Family Court, the Chief Clerk of the Family Court in New York City, the Chief Clerk of the Family Court in Bronx County, and the New York City Commissioner of Social Services. Jurisdiction is asserted under 28 U.S.C. §§ 1343, 2201 and 2202 and pendent jurisdiction.

Plaintiffs Perry, Etem, Bell, Gillespie, and Rivera allege that they are the natural parents of infants who have been, are, or will be the subject of Family Court proceedings. For a "first claim," Perry, Bell, and Gillespie allege that without parental consent or knowledge, each of their respective children was remanded to the Commissioner of Social Services. At the time of the remand, each of their respective children was allegedly in a hospital, the children of Bell and Gillespie being newborn babies, and in no imminent danger. According to the amended complaint, Perry's "hearing to determine probable cause for removal" of her child was scheduled five weeks after the remand; Bell's "hearing" was set six weeks after the remand; and Gillespie's "hearing" was set three weeks after the remand.

For a "second claim," Etem and Gillespie allege that although petitions alleging child abuse were filed in Family Court, they were never served with summonses. Etem alleges that he found out about the proceeding "casually" from the Bureau of Child Welfare, and Gillespie alleges that she "casually found out about the proceeding when Western Union left her a note that a telegram addressed to her was undelivered." Allegedly, the telegram only advised her to be in Family Court on May 1, 1973.

Finally, for a "third claim," Etem, Bell, Gillespie, and Rivera allege that warrants for their arrest were issued by the Family Court, "although there was no judicial inquiry into whether a summons could not be served, would be ignored or would otherwise be ineffectual; whether there was any likelihood that the person to be arrested was about to leave the court's jurisdiction; or whether there was imminent danger to the child's health or safety." These plaintiffs further allege that each of their respective children was in the custody of the court when the warrant issued and that no summonses were ever issued or served.

### Defendants' Motions to Dismiss

A reading of the amended complaint indicates that plaintiffs may have statutory claims under New York law. (N.Y.Family Court Act §§ 1022, 1027, 1028, 1035, 1036, and 1037 (McKinney's Supp. 1973–1974)). However, none of the plaintiffs alleges that he has taken proceedings in the State courts with reference to his statutory claims. Moreover, the above-cited sections of the Family Court Act remain virtually without authoritative state court construction. Instead, plaintiffs have come directly to this Court for an adjudication of whether the Family Court's application and interpretation of these statutes violates their constitutional rights.

In a recent decision involving the constitutionality of the Family Court's use of mailed service in support proceedings, the Court of Appeals held that "the district court acted quite properly in abstaining from a question of judicial administration which is undoubtedly best left to the state courts." Blouin v. Dembitz, 489 F.2d 488, 491 (2d Cir. 1973). Abstention has been held proper where plaintiffs have state law claims which are separate and distinct from their federal claims, where the applicable state statutes are not challenged as unconstitutional on their face, where there are no guidelines for administration of the applicable state statutes, and where a favorable decision under the state claim would make it unnecessary to consider the constitutional claims. Reid v. Board of Education, 453 F.2d 238 (2d Cir. 1971). See also Citizens for a Better Environment, Inc. v. Nassau County, 488 F.2d 1353 (2d Cir. 1973). These criteria are present in this case.

■ Plaintiffs oppose abstention on the grounds that mailed service is always upheld in Family Court actions and that State courts are hostile to class actions. However, as pointed out by the Court of Appeals in *Blouin, supra,* 489 F.2d at 492, the State courts have indicated a willingness to "protect domestic relations defendants with all the safeguards of the appropriate service statute." * Plaintiffs cite In re Gary, 37 A. D.2d 932, 325 N.Y.S.2d 1004 (1st Dept. 1971) and In re Williams, 36 A.D.2d 907, 321 N.Y.S.2d 535 (1st Dept. 1971), which were, even by plaintiffs' analysis, cases where jurisdictional objections were not properly preserved. Hostility of the State courts to class actions, although perhaps a factor to be considered in exercising the discretion to abstain, is not determinative. *Cf. Reid, supra.*

■ This case raises difficult questions concerning State judicial administration in the delicate area of parent-child relationships. The New York Legislature has passed a comprehensive statutory scheme to govern judicial administration in this area, and the State courts should be given an opportunity to reconcile Family Court practices with this statutory scheme before this Court passes on plaintiffs' constitutional claims. The Court of Appeals has instructed that better practice requires retention of jurisdiction rather than dismissal. *Reid, supra,* 453 F.2d at 244. Accordingly, defendants' motions to dismiss are denied.

This Court will retain jurisdiction, but will stay the action for one year or earlier determination by the State courts of plaintiffs' state law claims. If plaintiffs fail to institute proceedings in the State courts within the year, this action will be dismissed.

In view of this disposition, it is unnecessary at the present time to reach plaintiffs' motion for a class action determination.

Settle order on notice.

* See Hoggard v. Hoggard, 356 N.Y.S.2d 72 (App.Div., 1st Dept., 1974). As an additional illustration of State court willingness to remedy problems in the Family Court, *see* 171 N.Y.L.J. No. 105, at 1, 3 (1974).