Jasen, J.
The Family Court Act (§ 427, subd. [c]) provides that in a ‘ ‘ proper case ” the summons in a proceeding for support may be served by mail. It is the practice, we are advised, of the Family Court in the City of New York routinely to serve by mail all summonses in support proceedings. Each of the husband respondents in the proceedings now before the court was so served. The propriety of such service is here at issue.
In each matter also, a warrant of arrest (Family Ct. Act, § 428) was issued and each respondent was brought before the court pursuant thereto. In Matter of Zivkovic, following filing of the petition (Family Ct. Act, § 423), the warrant issued on the basis of petitioner’s testimony that the respondent had threatened to kill her. In Matter of Greise, as warned in the mailed summons, the warrant issued upon respondent’s failure to appear.
*220 In the first-mentioned proceeding, the Appellate Division affirmed, inter alia, the denial of respondent’s motion to dismiss for lack of in personam jurisdiction, finding that the court had jurisdiction to hear and determine the cause when respondent was brought before it pursuant to the warrant. (Family Ct. Act, § 433.) With this disposition we are in complete agreement and no more need be added to what the Appellate Division has already written.
In the other proceeding, the Appellate Division, reversing the Family Court, granted respondent’s motion to dismiss for lack of in personam jurisdiction, citing Matter of Hoggard v. Hoggard (45 A D 2d 38). With this disposition also, we are in accord for the reasons hereafter stated.
Section 427 of the Family Court Act simply does not contemplate nor sanction the type of routine, unsupervised mass mail service here practiced. Three methods of service are provided by the statute: personal service, substituted service, and, “In a proper case ”, mail service.
On the face of the statute, the only priority established is that personal service (subd. [a]) must first be attempted before court ordered substituted service (suibd. [b]) maybe sought. There is no requirement that personal and substituted service first be tried before recourse may be had to mail service (subd. [c]). We do not think the Legislature had any such intention and we ascribe no preferential significance to the sequence of service modes. (Compare CPLR 308.)
Indeed, it would appear that the legislative purpose was to provide greater,flexibility in effecting service in support proceedings. By way of contrast we note that there is no comparable mail service provision in paternity (§ 525) or child abuse proceedings (§ 1036) under the Family Court Act.
We may assume, then, that the Legislature had in mind the magnitude of the support problem particularly in the State’s urban areas. The realities of the situation are that personal or substituted service, even assuming faithful performance, a debatable proposition (see Tuerkheimer, Service of Process in New York City: A Proposed End to Unregulated Criminality, 72 Col. L. Rev. 847) may as a practical matter be utterly infeasible in many, if not most, cases. To require preliminary attempts at such service might on the whole not only be ineffectual, but *221 quite probably would delay the- ultimate entry of a support order. Such would be an untoward result for in these matters time is of the essence not only from the individual’s point of view, but the public’s as well, lest those legally entitled to support become public charges.
The very language, then, of . subdivision (c) repudiates the notion of wholesale unsupervised mail service of the sort here practiced. The subdivision explicitly provides that such service may be employed ‘‘ [i]n a proper case ”. This must mean a particularized determination of appropriateness in individual cases, supervised by the court.
’-What is a “ proper case ” we need not at this, time attempt to define. For present purposes we would only note, that this subsumes a. submission by each petitioner sufficient to Warrant a finding by the court that under all the. circumstances of the individual case mail -service is reasonably calculated to apprise the respondent of the proceeding against him. (Cf. CPLR 308, subd. 5; see Milliken v. Meyer, 311 U. S. 457, 463; Dobkin v. Chapman, 21 N Y 2d 490.)
Finally, in Matter of Greise, we note additionally that because the arrest warrant lacks- a predicate independent of the respondent’s failure to respond to the invalid summons, jurisdiction could not be acquired as part of the arrest.
Accordingly, the orders of the Appellate Division should be affirmed..
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
In each case: Order affirmed, without costs.