W. Denis Donovan, J.
Respondent, by motion dated the *723 11th day of March, 1975 moves to dismiss the petition herein on the grounds that service of the petition was made by mail in the first instance.
The proceeding herein was commenced by the Department of Social Services on behalf of Lenore Powers. The sworn petition of C. M. White, an official of the Department of Social Services, dated the 17th day of December 1974, alleges that Lenore Powers is receiving a public assistance grant of $456 for herself and the two infant children of the parties, ages 10 and 6, and that the respondent is chargeable with the support of these persons and that since 1969 the respondent has refused and neglected to provide fair and reasonable support for these dependents according to his earning capacity.
Petitioner is represented by the County Attorney of Westchester County. Respondent is represented by private counsel who has moved to dismiss this petition, not on its merits, and not on the ground that respondent did not receive notice and an opportunity to be heard, but solely on the ground that service by mail in the first instance was not properly made under section 427 of the Family Court Act.
The procedural objection which has been raised highlights the apparent conflict between the strict technical requirements of due process and action appropriately undertaken in furtherance of the mandate devolved upon this court by the promulgation of the Family Court Act. It would be fundamental error on the part of any practitioner in the field of domestic relations to equate dissolution of the marital bonds existing between a husband and wife with any presumed license to a father and now former husband to allow by acts of omission the disintegration of the family unit, which nonetheless survives.
Abandonment and nonsupport of dependents by the primary wage earner, generally the husband and father, is a phenomenon that is being witnessed by this court in epidemic proportions. This court has a clear and compelling mandate, by virtue of the statutory framework within which it functions, to preserve, protect and maintain the dignity and integrity of the family unit. Though the parties to the marriage may dissolve the marital bonds existing between them, they remain nonetheless parties to the broad social cpntract within which our society must function.
This court will not bear silent witness when a man chooses to abdicate his responsibility to his family and relegate them *724 to dependence upon public assistance. The technical niceties of the law are not intended to, nor shall they in such instance, provide him with sanctuary. This court will not condone the insidious corrosion of the moral fiber of our society caused by such conduct. Our society is not without recourse against those who would offend its fundamental notions of decency.
In the instant case none of the arguments of respondent’s counsel serve to establish a deprivation of due process. The paramount interests of justice prevailing in proceedings for support require that they be heard as expeditiously as possible on their merits. If a man is genuinely unable to provide for the support of his family, there is no shame in that. But let him come before the court and state the reasons why. High-minded invocations of the technical requirements of due process to avoid appropriate inquiry make a mockery of the purposes which it is the function of this court to effectuate.
This court is now called upon to determine what is a proper case under the language of subdivision (c) of section 427 of the Family Court Act in which to authorize service by mail. In Matter of Zivkovic v Zivkovic (36 NY2d 216), the Court of Appeals of this State directed its attention to the problems addressed herein. The court held that there is no requirement that personal and substituted service first be tried before recourse may be had to mail service.
The court stated (p 220):
"Indeed, it would appear that the legislative purpose was to provide greater flexibility in effecting service in support proceedings. By way of contrast we note that there is no comparable mail service provision in paternity (§ 525) or child abuse proceedings (§ 1036) under the Family Court Act.
"We may assume, then, that the Legislature had in mind the magnitude of the support problem particularly in the State’s urban areas. The realities of the situation are that personal or substituted service, even assuming faithful performance, a debatable proposition * * * may as a practical matter be utterly infeasible in many, if not most, cases.”
The court went on to note that while subdivision (c) repudiates the notion of wholesale, unsupervised mail service, a particularized determination of appropriateness by the court would be a sufficient safeguard of procedural guarantees.
As stated by the court (p 221): "For present purposes, we would only note this subsumes a submission by each petitioner *725 sufficient to warrant a finding by the court that under all the circumstances of the individual case mail service is reasonably calculated to apprise the respondent of the proceeding against him.” In future cases, where the respondent, having been in fact served by mail after authorization by this court for mail service to be effectuated, retains counsel who then appears specially to contest the court’s jurisdiction, this court will deem such appearance conclusive proof that the requirements of due process have in fact been met.
Furthermore, if it should appear in any future instance that a respondent was advised by counsel that he did not have to appear in response to mail service and on such a basis seeks to vacate an order entered upon his failure to appear, this court will not only place upon the respondent the burden of establishing any alleged violation of due process, but will deem such conduct by an attorney when willfully intended to effect delay to be contumacious.
In the instant case, no prior submission having been made by the petitioner sufficient to warrant a finding by the court that mail service was reasonably calculated to apprise the respondent of the proceeding against him, the service shall be set aside, without prejudice to renewed service. Inasmuch as the petition itself is found to have been properly filed, it shall not be dismissed. In the event that a support order is ultimately entered, the court will entertain application for said order to be retroactive to the date of filing of the petition.
Petitioner’s counsel is given leave herein to now make a submission sufficient to allow the court to determine whether under all of the circumstances of this case mail service would be reasonably calculated to apprise the respondent of the proceeding against him.