Reginald S. Oliver, J.
A summons and petition to appear in this support proceeding was mailed to the respondent pursuant to subdivision (c) of section 427 of the Family Court Act. This section, since April 22, 1975, has provided for service of a summons by mail "in any case”, whether or not service is attempted personally under subdivision (a) or by substituted service under subdivision (b). Protection is given a respondent by prevention of a default without satisfactory proof that the respondent had actual notice of the commencement of the proceeding.
On the return day, respondent appeared specially in person and with counsel, and challenged the jurisdiction of the court over the respondent, and moved to dismiss the petition. The court has been unable to find any reported cases dealing with service of process by mail in a support proceeding under *1016 article 4 of the Family Court Act, except cases dealing with service by mail under former subdivision (c) which appeared to limit such service. Accordingly, the cases cited by the attorney for the respondent in his very complete brief do not deal specifically with the section as it now reads.
The amendment was passed by the Legislature to provide Family Court with greater flexibility in effecting service in support proceedings, where the court knew of a post-office address of the respondent. It was adopted to afford quicker response to the needs of a wife and children who are dependent upon a respondent’s support payments to survive. Personal service or substituted service under the CPLR often was time-consuming and burdensome on the Family Court staff and the officers who had to take time from offical police duties to try to locate a respondent. In Wayne County alone, in 1976 there were 468 new support petitions, petitions under article 3-A of the Domestic Relations Law, and ADC matters. In addition, there were 930 proceedings for modification or violation of support orders. One can easily conjecture the thousands of hours it would be necessary to waste in attempting personal or substituted service on the respondents.
The court finds that subdivision (c) of section 427 of the Family Court Act is designed to obtain fast, effective service on a respondent. Presumably, if the notice is not delivered to the respondent, it will be returned by the post office. Due process requires only that the person to be served receives actual notice of the proceeding against him.
Matter of Zivkovic v Zivkovic and Greise v Greise (36 NY2d 216), cited by the respondent, were decided under the law which existed prior to April 22, 1975. In the one case, service by mail was set aside because it had to do with a proceeding under article 8 of the Family Court Act, which has no provision for service of process by mail. In the other case, service by mail was upheld in a support proceeding where the petitioner had been threatened. The court felt (p 221) that the statutory requirement of "a proper case” "subsumes a submission by each petitioner sufficient to warrant a finding by the court that under all the circumstances of the individual case mail service is reasonably calculated to apprise the respondent of the proceeding against him.” This restriction is removed by the amendment in 1975.
Matter of Department of Social Servs. v Powers (81 Misc 2d 722) was decided on April 7, 1975. Judge Donovan set aside *1017 service of the petition by mail in the first instance solely because no prior submission had been made by the petitioner sufficient to warrant a finding by the court that mail service was reasonably calculated to apprise the respondent of the proceeding against him. Judge Donovan further stated if service by mail were properly made in the future, a respondent who retains counsel and then appears specially to contest the court’s jurisdiction would be conclusively presumed to have been afforded the requirements of due process by such appearance.
Matter of Hoggard v Hoggard (45 AD2d 38) refers to the provisions of substituted service allowed by CPLR 308 (subd 5), authorizing service in such manner as the court directs. The method must be one which is reasonably calculated to give the defendant notice of the lawsuit and an opportunity to be heard. If this is done, no constitutional problems should arise.
For the reasons herein stated, the court finds subdivision (c) of section 427 of the Family Court Act constitutional, in that it is reasonably calculated to give notice to the respondent, and provides the safeguard to him that no default may be entered without satisfactory proof that the respondent actually received the notice.
It is apparent, from the cases cited, the only present-day requirement of due process is that notice of the action is received by the person sought to be served. CPLR 308 (subd 5) is treated above. Subdivision (c) of section 427 of the Family Court Act is the subject of this decision. The court will comment concerning the court’s "general discretion” for compliance with the latter statute. The Legislature could not intend that each proceeding in which service by mail is effected must first be examined by a Family Court Judge, and an independent determination made for service by mail in that particular case. Again, the volume of support cases precludes such a time-consuming requirement of a Family Court Judge. The clerk, having received authorization from the court to serve process by mail when there is a known last address of the respondent, shall mail the copies of the summons and petition to the respondent and it shall be deemed sufficient compliance with the statute. Reference is also made to service of process by mail permitted under SCPA 307 and 309 which states that service is complete upon the mailing of the citation. No actual proof of receipt thereof is required.
Judge Donovan, in his decision above cited, writes a caveat *1018 for attorneys who would appear specially before him to defeat the speedy disposition of a support petition by the dilatory actions of such special appearance, when in fact the respondent had received the mailed summons and petition. The special appearance of the respondent with his attorney, together with the motion to dismiss, is acknowledgment enough that the respondent has actually received the summons and petition. The respondent is therefore before the court for the purpose of the proceeding. This court concurs with Judge Donovan’s ruling.
The motion to dismiss the petition is denied. The court further finds by the appearance of the respondent before the court that he had actual notice of the proceeding, and is subject to the court’s jurisdiction in this proceeding.