Matter of Helen B. v Joseph D.S. (2004 NY Slip Op 24059)

Matter of Helen B. v Joseph D.S.

2004 NY Slip Op 24059 [3 Misc 3d 621]

February 24, 2004

Family Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 16, 2004

[*1]
In the Matter of Helen B., Petitioner,
v
Joseph D.S., Respondent.
Family Court, Monroe County, February 24, 2004

APPEARANCES OF COUNSEL

Joseph D.S., respondent pro se.

{**3 Misc 3d at 621} OPINION OF THE COURT

Joan S. Kohout, J.
The respondent Joseph D.S. has filed objections to the order of Family Court Support Magistrate Michael G. Rao, Esq., entered on November 21, 2003, which granted an increase of Mr. S.'s basic child support obligation for the parties' child Samantha{**3 Misc 3d at 622} S., born on August 29, 1994. The petitioner, Helen B., has not filed a rebuttal to Mr. S.'s objections.
The court has reviewed Mr. S.'s objections, Ms. B.'s petition filed on September 23, 2003, the affidavit of mailing the petition, the Support Magistrate's findings of fact and order, the audiotaped transcript of the fact-finding hearing on October 30, 2003 and the documents made a part of the record at the hearing. For the reasons set forth below, Mr. S.'s objections are sustained.
The affidavit of mailing contained in the court file states that a copy of the summons and petition was mailed to Mr. S. in San Diego, California, on October 2, 2003. When Mr. S. failed to appear at the initial return date of October 30, 2003, the Support Magistrate declared Mr. S. in default and, without taking any testimony from Ms. B., proceeded to determine Mr. S.'s new child support obligation based upon documents received from Mr. S.'s current employer.
In his findings of fact, the Support Magistrate determined that service by mail of the modification petition was allowed by Family Court Act § 443. Thus, when Mr. S. failed to appear on the initial return date he was declared in default and a decision rendered without a formal hearing or sworn testimony. The court finds that the Support Magistrate misapplied Family Court Act § 443 and erred in declaring Mr. S. to be in default.
Family Court Act § 443 contains miscellaneous provisions concerning the form and content of orders of support and requires under some circumstances that the parties provide updates [*2]of certain personal information to support collection units. Additionally, Family Court Act § 443 permits notice to parties of "subsequent hearings" to be sent by first-class mail to the most recent address on file with the support collection unit. The statute, however, does not specifically permit the commencement of a new action by mere mail service. Clearly, once personal jurisdiction is obtained, notice to the party by mail of any subsequent court appearances, including hearings, is permitted.
It is obvious from the court's review of the audiotaped transcript of the proceedings on October 30, 2003 and from the Support Magistrate's findings of fact that the Support Magistrate considered Ms. B.'s new petition for an increase in child support to constitute a "subsequent proceeding" rather than a new action, thereby obviating the need to comply with the notice and service requirements of Family Court Act §§ 426 and 427.
{**3 Misc 3d at 623}An examination of the legislative history of the relevant portion of Family Court Act § 443 and a review of the requirements for service contained in Family Court Act § 427 do not support the statutory interpretation relied upon by the Support Magistrate. The provisions at issue were added to Family Court Act § 443 by Laws of 1998 (ch 214, § 43 [eff July 7, 1998]). The memorandum in support of that legislation states that the purpose of the amendment to Family Court Act § 443 was to "meet an additional federal mandate contained in the Federal Social Security Act regarding due process requirements for service of process" (Legis Mem in Support of L 1998, ch 214, 1998 McKinney's Session Laws of NY, at 1666, 1669).
The Social Security Act requires each state to have in effect certain expedited administrative and judicial procedures for establishing paternity and for establishing, modifying and enforcing support obligations (see 42 USC § 654 [20] [A]; § 666 [a] [2]). Additionally, the Social Security Act declares that state due process is deemed satisfied in child support enforcement proceedings if certain minimal notice requirements are met:
"(ii) in any subsequent child support enforcement action between the parties, upon sufficient showing that diligent effort has been made to ascertain the location of such a party, the court or administrative agency of competent jurisdiction shall deem State due process requirements for notice and service of process to be met with respect to the party, upon delivery of written notice to the most recent residential or employer address filed with the State case registry pursuant to clause (i)" (42 USC § 666 [c] [2] [A] [i], [ii]).
The notice by mail provisions of Family Court Act § 443, however, vary significantly from those contained in the Social Security Act in that Family Court Act § 443 does not require a diligent search to ascertain the location of a party, but instead permits mailing to the address on file with the support collection unit. Moreover, the Social Security Act makes no mention of service by mail, but speaks more broadly of delivery of notice to the residence or employer of the party. Of additional concern is that the provisions for ordinary mail notice in Family Court Act § 443 do not require proof that the notice was actually delivered to the party and fail to comport with even minimal due process standards for commencement of a child support action (see Zivkovic v Zivkovic, 36 NY2d 216, 221 [1975]).{**3 Misc 3d at 624}
By contrast, the general service-by-mail provision applicable to child support cases contained in Family Court Act § 427 (c) requires proof of actual notice to the party before the case [*3]may proceed. While direct proof that the party was actually served with the pleading is not necessarily required, Family Court Act § 427 (c) prohibits holding a party in default absent proof of actual notice (see Matter of Stone v Stone, 218 AD2d 824 [3d Dept 1995]).
Moreover, while there may be public policy reasons to allow more flexibility in service of process in proceedings to enforce child support orders, neither the Social Security Act nor New York state law support a statutory interpretation of Family Court Act § 443 that would permit service by mail alone in a modification action. Article 4 of the Family Court Act unmistakably treats a modification petition as a separate action. Modification of a child support obligation, as was sought by Ms. B. here, is accomplished not by the filing of a motion for such relief, but by the filing of a petition commencing a new and separate action, which necessitates issuance of a new summons (see Family Ct Act § 426) and service on the respondent in a manner permitted by Family Court Act § 427.
Since the provisions of Family Court Act § 443 do not apply to the service of process in this case, the court never acquired jurisdiction over Mr. S. Therefore, the Support Magistrate had no legal authority to declare Mr. S. in default and proceed in his absence.
Mr. S. also objects to the Support Magistrate's calculation of his income. Although the court need not reach this issue, it notes that the Support Magistrate based Mr. S.'s new child support obligation upon a full 40-hour workweek even though the documentation relied upon by the Support Magistrate showed 2003 year to date earnings reflecting a substantially shorter average workweek.
Accordingly, Mr. S.'s objections are sustained. The Support Magistrate's order dated October 30, 2003 is vacated and the matter remanded to the Support Magistrate for further proceedings consistent with this decision and order.